Argued February 5, affirmed February 17, 1960

## MUHLER *v.* MUHLER
### 349 P. 2d 661

*Peter L. Kolik*, Milwaukie, and *Harry A. Harris*, Oregon City, argued the cause and filed a brief for appellant.

*Clyde Richardson* argued the cause for respondent. On the brief were Wheelock, Richardson & Niehaus, Portland.

Before McAllister, Chief Justice, and Lusk, Sloan and Duncan, Justices.

DUNCAN, J. (Pro Tempore)

Defendant appealed from an order of the circuit court for Multnomah county, dated November 3, 1958, which changed the custody of the minor child of the parties from defendant to plaintiff.

On March 31, 1953, a decree of divorce by default was granted to plaintiff against defendant, but at plaintiff's request custody of the child, then two years of age, was awarded to defendant. The award of custody was made only after the court had questioned plaintiff closely and explained her rights to her.

The decree of divorce provided in part that:

"* * * the court specifically reserves the right to determine the future custody of said child in the event of a change of circumstances warrants and subject to the right of reasonable and seasonable visitation by plaintiff."

On March 30, 1953, the court had dictated into the record a statement which does not appear in the decree, to the effect that the court was of the "opinion" that in the event of an application for change in custody in the future "the court will not require any evidence of substantial changed conditions, but will decide the custody matter depending upon what is for the best interests and welfare of the child."

On appeal defendant takes the position, first, that by the statement into the record last above quoted, the court sought to reserve a right to avoid the established rules governing modifications; and, second, that this purpose was accomplished because the record shows no change of circumstances sufficient to justify a change of custody.

During the modification hearing the decision in *Bogh v. Lumbattis*, 203 Or 298, 280 P2d 398, was referred to as authority for the proposition that to warrant a change in custody the conditions that have changed must be shown to be adverse to the party from whom the custody is sought to be taken. However, this construction of the Bogh decision is not borne out by the language used, as prior to affirming the trial court in denying the motion for change of custody the court stated:

> "An applicant for modification must show there has been a change in the conditions and circumstances since the last order respecting the child's custody and that such change is adverse to the child's welfare. The petitioner must further demonstrate that the change of custody proposed would be to the child's benefit."

The Bogh case cited and relied on *Leverich v. Leverich*, 175 Or 174, 152 P2d 303. The Leverich opinion stated the rule to be that a decree awarding custody may not be modified "unless changed conditions are shown, indicating, to the satisfaction of the court, that modification would be for the best interests of the child."

■ The best interests of the child provides the guiding rule in proceedings seeking change of custody. All the cited decisions recognize and follow this rule, notwithstanding the use of supplementing phraseology applied to the varying facts of the different cases.

In the present case a change occurred in the conditions surrounding the child. The grandmother, in whose actual custody the boy had been for more than five years, became unable longer to care for him. Presumably, defendant then believed he could no longer maintain the boy in Portland, because he removed him

to California. The relatives of defendant in California with whom he left the child appear to be reputable people, but were substantially strangers to the boy. Defendant related intellectual surroundings, weather, and recreational facilities available in California as reasons for changing his son's residence. It did not appear that comparable advantages were not available in Oregon.

Plaintiff's economic position and a suggested preference by the child for the defendant at the time of divorce were the apparent reasons why plaintiff then requested that custody be given to defendant. At the time of the modification hearing plaintiff's economic situation showed substantial improvement, and the child's preference for the father over the mother was no longer evident. These are not decisive factors, but are important to the whole picture.

■ The evidence received was sufficient upon which to base a finding that the conditions surrounding the child's custody had changed, and that the best interests of the child warranted a change of custody from defendant to plaintiff. The trial court was in a favorable position to observe the parties and adjudicate the matter upon the evidence.

Inasmuch as the court did not decide the custody change without evidence of substantially changed conditions, the statement dictated into the record during the divorce proceedings and to which defendant excepted on appeal is now unimportant.

The order modifying the original decree and changing custody of the child from defendant to plaintiff is affirmed, subject to the requirement that the trial court make provisions for reasonable visitations between defendant and his son.