Argued July 27, affirmed August 10, 1972

MILLER, *Appellant, v.* MILLER (No. 66142),
*Respondent.*

499 P2d 826

*Hattie Bratzel Kremen,* Salem, argued the cause
and filed the briefs for appellant.

*Robert H. Anderson,* Roseburg, argued the cause for respondent. With him on the brief were Stults, Jayne, Murphy & Anderson, Roseburg.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This appeal is from an order denying plaintiff mother's post-divorce motion for change of custody of children aged seven and six. Defendant father was awarded custody of the children in the decree dated August 14, 1969. At that time plaintiff had physical custody of the children and was awaiting the divorce decree in order to marry a paramour. She did not comply with the custody provisions of the decree by turning the children over to defendant. It was only after much time, expense and trouble that he found and obtained physical custody of them. Plaintiff is now married to the paramour, they have one child, and live in New York state.

■ Plaintiff complains that defendant has not afforded her sufficient visitation with the children. However, the record shows that defendant has complied with reasonable requests for visitation. It could not be expected that he would send or take the children to plaintiff out of state, where plaintiff has almost constantly been, in view of plaintiff's past instability and inclination to disregard custody orders of the court. In contrast, at the instant custody proceeding, the most that plaintiff would say regarding what her attitude would be about defendant's visitations if she were successful in getting custody is that she had a "mental block" about defendant's visiting the children, but she "probably" would let him visit.

■ The trial judge originally awarded defendant father custody of the children because he presented the best possibility of stability for them. We think he still does, and it is obvious that the trial judge who heard the instant motion also thought so. In *Smith v. Green,* 4 Or App 533, 536-37, n 1, 480 P2d 437 (1971), we quoted:

" '* * * [W]hen there has already been one upheaval in the child's life due to divorce * * * the first and foremost requirement for the child's health and proper growth is stability, security, and continuity. * * * [S]tability is "practically the principal element in raising children, especially pre-puberty ones," and * * * "a child can handle almost anything better than he can handle insta-bility." * * * [P]oor parental models are easier to adapt to than ever shifting ones." * * *.' " Bodenheimer, *The Uniform Child Custody Jurisdiction Act: A Legislative Remedy for Children Caught in the Conflict of Laws,* 22 Vand L Rev 1207, 1208-09 (1969).

The trial judge did not err in finding that no change of circumstances justifying a change of custody has occurred.

Affirmed.