Argued May 17, reversed and remanded June 17, 1974

CRANE (No. 8245), *Appellant-Cross-Respondent, v.*
CRANE, *Respondent-Cross-Appellant.*

523 P2d 596

*Walter I. Edmonds, Jr.,* Redmond, argued the cause
for appellant-cross-respondent. With him on the briefs
were Bryant, Edmonds & Erickson, Redmond.

*Neil R. Bryant,* Bend, argued the cause for respondent-cross-appellant. With him on the brief were Gray, Fancher, Holmes & Hurley, Bend.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

This is a proceeding to modify a divorce decree by transferring the custody of three children aged 9, 10 and 11 from the defendant-mother to the plaintiff-father. The trial court denied plaintiff's motion and he appeals.[1] The issue is whether the mother's voluntarily leaving the children with their father for 14 months constitutes a substantial change in the circumstances of the parties so as to warrant a change in custody pursuant to ORS 107.135 (1) (a).[2]

In October of 1968 the parties were divorced, custody of the children being granted to the mother. Since the divorce both the father and the mother have remarried. In June of 1972 the mother brought the children to the father's home where they have lived

---

[1] The trial court, apparently recognizing that the question here was a close one, and being cognizant of the desirability of not moving children from pillar to post, provided in its order that the children should remain with the father until July 1, 1974.

[2]

"(1) The court has the power at any time after a decree of annulment or dissolution of marriage or of separation is granted, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, to:

"(a) Set aside, alter or modify so much of the decree as may provide for the appointment and duties of trustees, for the custody, support and welfare of the minor children, or for the support of a party * * *

"* * * * *." ORS 107.135.

until present. It is conceded that during this period the children were happy and well cared for. Fourteen months later, in August of 1973, the mother called the father and asked that he return the children to her home in Phoenix, Arizona. The father refused and, instead, moved the court for change of custody.

■ In order to modify the custody provisions of the October 1968 divorce decree there must have been a change in the circumstances of the parties since then. *Muhler v. Muhler,* 220 Or 321, 349 P2d 661 (1960). The reasons for this are to avoid constant litigation and more importantly to provide young children stability of environment. *McCutchan v. McCutchan,* 5 Or App 96, 483 P2d 93 (1971). *See also, Miller v. Miller,* 10 Or App 330, 499 P2d 826 (1972), and *Smith v. Green,* 4 Or App 533, 480 P2d 437 (1971).

■ At the time the decree was entered the father was living alone. He was generally incapable of providing a home-like environment for the children. It was thus agreed by the parties at that time that the children should be with their mother.

Since then the father has remarried and established a home with his new wife, her one child by a former marriage and the child of their present marriage. The children whose custody is here in question have been accepted into and have become an integral part of the father's family.

Over the 14-month period after the mother left the children with the father there were only minor attempts on her part to communicate with the children. For several months the father did not know where she was. Only one letter was received from her and she made only three telephone calls to the children.

This behavior by the mother does not indicate much concern for the children nor does it indicate priorities consonant with the maintenance of a suitable home for the children.

The most substantial change of circumstances, however, is in the mother's voluntary relocation of the children into the home of the father. The children have adjusted well to their new home. There is no indication that the father would have refused to return the children had the mother so requested within a reasonable time. It was only after he had the children for 14 months that the father objected to allowing the children to return to the mother. In short, the father, as a result of the acts of the mother, has had de facto custody for a period which is a very long one in the lives of young children.

We are satisfied that a sound, stable environment for the children is far more likely to be realized by giving validity to the father's de facto custody rather than to move the children into a situation which has been demonstrably unstable.

Reversed and remanded. No costs to either party.