Argued April 22, affirmed May 12, 1975

In the Matter of the Dissolution of the Marriage of
MUNYON, *Appellant, and*
MUNYON (No. 34462), *Respondent.*
534 P2d 1176

*Fred Allen,* Coos Bay, argued the cause and filed the brief for appellant.

*George T. Gant,* Coos Bay, argued the cause for respondent. With him on the brief were McNutt, Gant & Ormsbee, Coos Bay.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

Wife has appealed from a decree of dissolution of a marriage which produced five children, ages 14 to 10. The only alleged error is that the custody of the children should have been awarded to the wife instead of the husband.

The court heard extensive testimony concerning the respective care that the wife and the husband gave to the children while the family was together. On balance, this testimony indicates a reasonable basis for inferring that the husband was more interested in and gave better care to the children than did the wife. This is not to say that the wife was uninterested in or gave seriously substandard care to her children. Indeed, in announcing its decision in this regard from the bench the court said:

"I must say that in a case of this kind these children are luckier than many children we see, because both parents show that they are substantially interested in their welfare.

"I don't intend to indicate that the mother is not capable of adequately taking care of the children. She certainly is. It just seems to me from the evidence I have heard here today that the welfare of the children is best met by their custody being awarded to the father.

"I remind counsel, of course, and the parties, that our statute provides 'in determining the custody, the Court shall consider the best interests of the child and the past conduct and the demonstrated moral standards of each of the parents. No preference in custody shall be given to the mother over the father for the sole reason that she is the mother.' [ORS 107.105(1)(a).] In other words, I have to consider both of the parties equal.

"I am satisfied that the best interests of the children, at this time, at least, [is] to have their custody awarded to their father."

The principal argument made by the wife is with reference to certain irrational acts she alleges against her husband. Principal among these is that on one occasion, shortly before the family breakup when she and husband were arguing in the presence of the children, husband choked her. The two oldest

children testified in the presence of the court and out of the presence of the parents. Their testimony indicates that the wife greatly exaggerated what occurred at the time in question. Another incident relied upon was when the wife, unannounced, left the children alone and went from their home in North Bend to Portland for the weekend. When husband came home from work and found the children alone (this was apparently a day or two after a similar incident when, in an adjoining town, three children were burned to death, with attendant shock and publicity) husband became angry and packed up most of her clothes wife had not taken with her, and threw them in the city dump. Wife returned after the weekend was over, and husband, ashamed, had her buy and charge to him a new wardrobe. Another incident was when the wife, unannounced, commenced this dissolution proceeding, packed the children up and took them to Grants Pass from their home in North Bend, without any notice to husband that such an event was transpiring. His reaction was to sell most of the furniture in the house, the proceeds from which he used to help pay off rather extensive family bills which had recently been accumulating.

This court has read the transcript of the two oldest children's testimony which the parties did not hear. We have noted therein significant passages which undoubtedly contributed much to the decision the trial court made. They lead us to the same decision. We see no purpose in speaking of them at any greater length here. Nevertheless, the parties should know that, despite the significance attached to their testimony, there was nothing said by either of the children which is cause for either of the parents to feel any worse about what was said concerning themselves and the dissolution proceeding than that which they did hear in the courtroom.

Affirmed. Costs to neither party.