Argued September 17, reversed and remanded December 8, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
SMITH, *Appellant, and* SMITH (No. 25464,
Jr 26432, CA 4438), *Respondent.*

543 P2d 313

*Harold A. Snow,* Astoria, argued the cause for appellant. On the brief were Jeanyse R. Snow and MacDonald, Dean, McCallister & Snow, Astoria.

*Bradley C. Grove,* Lake Oswego, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

LEE, J.

Appellant-wife and respondent-husband are the parents of two children, a boy 11 and a girl 9. When the parties were divorced in 1965, appellant was awarded their custody. In 1968, their custody was changed to respondent who had married Joan Carmichael in 1967. Appellant remarried in 1968 to Mr. Huckleberry and is not employed outside the home. In 1970 appellant unsuccessfully sought to regain custody of the children. This appeal involves appellant's further attempt to regain custody. The issues are: (1) whether there has been a material change of circumstances since 1970 and, if so, (2) what are the best interests of the children?

Since 1970, appellant has had five years of successful marriage. During the same period, respondent developed a drinking problem. He separated from Joan in July 1973. The children continued to reside with Joan until a dispute in the summer of 1974 after which respondent placed the children with appellant for the five months preceding this hearing. Respondent's marriage with Joan was dissolved in September 1974. They were remarried four days before the hearing of this case.

This difficult case presents the always trying concerns so frequently found in custody disputes. The root of the problem so common to these cases was well-articulated by the trial judge following the hearing when he commented:

"* * * What I mean to say is that I still feel

that you people have such bitterness and such rancor and such lack of ability to communicate with each other that you're not doing these kids a bit of good."

The trial judge then concluded:

"* * * [I]f there has been a change of circumstances since this affidavit was filed, the most material changes in circumstances are frankly to Mr. Smith's benefit, *if* in fact he's solved his drinking problem, *if* in fact he has rehabilitated his marriage, *if* in fact he has worked his way back into a situation where he can support these children and be a good father to them. That's where most of the material changes are, as I view them. Before those things occurred it didn't look so good, but taking into consideration those things that caused Mr. Smith the problems before, *I'm going to have to say that there is no material change* in circumstances since the last order was made in this court and I'm going to therefore deny the motion for a change of custody * * *." (Emphasis supplied.)

We are unable to agree that this record displays no change of circumstances since the 1970 hearing. While such change as occurred *after the filing of the affidavit* may indeed have been to respondent's credit, much that transpired between the 1970 hearing and the filing of the motion in January 1975 was not, and did indeed establish a major change of circumstances.

It is uncontradicted that the following took place since the 1970 custody hearing:

1. Respondent developed a major alcohol problem.

2. Respondent and his wife, Joan, separated.

3. Respondent executed a document turning the custody of the children over to Joan without advising appellant of what he had done.

4. Respondent and his wife, Joan, were divorced.

5. The children lived apart from respondent with Joan for many months.

6. Respondent did not support the children and Joan had to go on welfare.

7. Joan suffered a severe coronary attack requiring hospitalization.

8. During Joan's hospitalization the children lived with a sister of respondent for a brief period.

9. Respondent asked appellant to take custody of the children.

10. Appellant accepted custody of the children without a court order.

11. The children lived with appellant for five months and were living with her when this motion for change of custody was filed.

12. Respondent contributed nothing to the children's support during said five months.

13. Five days before the hearing and after the filing of this motion the respondent remarried his former wife, Joan.

■ Thus, for approximately 18 months prior to the filing of this motion for change of custody, the children had not lived with respondent nor had they been fully supported by him. We find that the foregoing did constitute a change in circumstances. *Yeamans v. Yeamans,* 17 Or App 556, 523 P2d 565, Sup Ct *review denied* (1974); *Hastings and Hastings,* 17 Or App 548, 523 P2d 569, Sup Ct *review denied* (1974); *Crane v. Crane,* 17 Or App 637, 523 P2d 596 (1974).

In *Crane* we said:

"Over the 14-month period after the mother left the children with the father there were only minor attempts on her part to communicate with the children. * * *

"The most substantial change of circumstances

* * * is in the mother's voluntary relocation of the children into the home of the father. The children have adjusted well to their new home. * * *"
17 Or App at 639-40.

In the instant case, respondent relies in part upon the testimony of Dr. Birney, a psychologist who saw the children eight times during the year preceding the hearing. He testified:

"Q  Now, Doctor, based on the evidence you had in November [1974], there was no need to change the living situation the children were in at that time?

"A  That's correct.

"Q  * * * What would you perceive their needs to be because of the upheaval in the background that you obtained?

"A  Basically, stability. I believe the children need a stable living situation. Their background, in the sense of having gone through a couple of divorces now and family problems that surround that, leave them confused as to their status as children as to who they owe their allegiance, and I believe they need a sustained living situation in order to adjust to this.

"*  *  *  *  *

"Q  So the actual situation they were in then with Mrs. Smith and Mr. Smith was a fairly—it was conducive to their well-being, is that right?

"A  Insofar as Mr. and Mrs. Smith were having difficulties, I would have reservations answering that. Possibly there were difficulties in the marital relationship that were causing the kids some problems.

"Q  But, as you testified before, those problems didn't—were not gross enough that they had to take regular counseling sessions with you, is that right?

"A  No."

It must be remembered that from July 1974 to the time the motion was filed in January 1975, the children were living with appellant and their stepfather, Mr. Huckleberry. Furthermore, in March 1974 the children were living not with respondent but with his estranged wife, Joan.

In sharp contrast to the living pattern of respondent, the appellant has, since her remarriage, displayed a stable living pattern. Dr. Birney testified that the children in November 1974 were well-adjusted in the Huckleberry home where they were then living and were not then in need of further psychological help. We find that this is strongly indicative of the Huckleberrys' qualifications for custody of the children and that their supervision was in fact promoting their best interests.

The respondent testified that his work as a commercial fisherman often occupies him as much as seven days a week; that he would arise at 5 to 5:30 a.m. and not return until perhaps 7 p.m. His wife, Joan, now a student at Community College, will, as she did for much of the time following her marriage to respondent and during the period of their separation and divorce, continue to have the responsibility for the children's care.

■ The fact that there has been a material change in circumstances shown does not, however, dispose of the motion for change of custody. It then becomes necessary to determine what is in the best interests of the children. That is the paramount rule governing award of custody. *Munyon and Munyon,* 21 Or App 379, 534 P2d 1176 (1975); *Cox v. Cox,* 247 Or 614, 431 P2d 960 (1967); *Henrickson v. Henrickson,* 225 Or 398, 358 P2d 507 (1961); *Crane v. Crane,* supra; *Hastings and Hastings,* supra; *Yeamans v. Yeamans,* supra.

■ While in no way disparaging the efforts of

the respondent, with the aid of antabuse, to overcome his alcohol problem and the demonstrated confidence of Joan in his rehabilitation by remarrying him, we are of the opinion that the best interests of the children would be served by converting appellant's de facto custody (when the motion to modify was filed) to legal custody subject to substantial and reasonable visitation rights with reasonable restrictions relating to respondent's sobriety. Provision for reasonable support should also be made.

Reversed and remanded. Costs to neither party.