Argued November 21, 1975, reconsideration allowed February 25, 1976, to be reheard, see 25 Or App 739 for second opinion

# WOLFF, *Appellant,*
## *v.*
# WOLFF, *Respondent.*
## (No. 316-205, CA 4834)

544 P2d 602

*George M. Joseph,* Portland, argued the cause for appellant. With him on the brief were Carlton R. Reiter, Ann Morgenstern, and Reiter, Wall, Bricker & Zakovics, P.C., Portland.

*John D. Ryan,* Portland, argued the cause for respondent. With him on the brief was Richard G. Helzer, Portland.

Before Foley, Presiding Judge, and Fort and Lee, Judges.

LEE, J.

**LEE, J.**

Appellant-wife seeks review of the trial court's order denying change of custody of the parties' two daughters to her. Appellant was initially awarded custody of the children (then ages five and two) when the parties were divorced in 1966.

Commencing in December 1969, appellant's health began to deteriorate and she underwent surgery followed by lobar pneumonia and emotional difficulties for which she had psychiatric counseling. During this period appellant was attempting to work as an interior designer.

Respondent remarried in 1971. At the time of argument, respondent had two children by his present marriage.

In June 1973, appellant allowed respondent to have de facto custody of the children. In August 1973 appellant signed a stipulation vesting legal custody of the children in respondent. Appellant remarried in March 1974 and sought voluntary return of her daughters' custody in June of that year at the end of the school term. Respondent refused to enter into such further stipulation. At the time of the hearing in May 1975 appellant was emotionally and physically well.

A court family counselor recommended that the children remain with respondent. A medical doctor who, along with an associate, had been the children's doctor since their births, recommended that custody remain with respondent. The younger daughter's school teacher testified that the girl seemed to relate well to her stepmother. Both girls do well in their school work.

At the time of hearing, respondent was preparing to move to Seattle in connection with his work. The children were interviewed by the trial judge in chambers. The older daughter stated that she would prefer to stay in Portland with her mother rather than move to

Seattle with the respondent. She also stated that this was primarily because of reluctance to leave her school associates and not because she loved one parent more than the other. The younger girl stated that while she loved both her parents, she "would rather live in Portland; and I would rather not have to move into a new community, and I think that maybe it would be my mother that I wanted to live with; but I am not sure." At another point she said that "* * * in a way, I should live with my mother because she is my real mother."

■ In considering motions for a change in child custody, we must first determine whether there has been a material change in circumstances since the rendition of the last custody order. *Crane v. Crane,* 17 Or App 637, 639, 523 P2d 596 (1974). If there has been such a change, we must then determine what disposition, if any, would be in the best interest of the children. *Rorer v. Rorer,* 10 Or App 479, 485, 500 P2d 734 (1972). *See also, Hurner v. Hurner,* 179 Or 349, 359-60, 170 P2d 720 (1946).

■ We find that there was a material change of circumstances in the renewed ability of appellant to care for the two girls and respondent's forthcoming move to Seattle. Appellant went from a period of physical and emotional instability to her present condition of fitness and confidence. We find that both the appellant and the respondent are now fully capable of caring for their two daughters.

■ Next, we must determine what is in the best interests of the children. In doing so we give weight to the girls' preferences.

Since the divorce, the girls have resided with appellant approximately seven years. For the younger girl, this meant from the time she was almost three until she was almost ten years old. For the older daughter, it meant from the age of five until twelve. At the time of the hearing, the girls had lived with respondent for less than two years. The girls' desire to resume living

with their mother, with whom they had spent more time, is natural. The Supreme Court has held that where a child "is sufficiently mature to have intelligent views and wishes" about which parent it would rather live with, the court may consider the views as persuasive though not controlling. *Hurner v. Hurner,* supra, 179 Or at 365.

■ There is no fixed age the child must attain before its views are considered. It depends on the child. 67 CJS 657, Parent and Child § 12c.

The record in this case reveals intelligent, perceptive children with remarkable maturity. At the time of hearing, they were nearly 12 and 14 years of age. In *Johnston v. Johnston,* 155 Or 256, 257, 63 P2d 209 (1936), the Supreme Court considered the preference of a girl 14 years old and said that "[w]hile her desire is not controlling, it is—especially in view of her age— very persuasive."

■ Although both girls seem genuinely devoted to each parent, they did express some preference to live with their natural mother. After applying the guideposts laid down by our Supreme Court in *Tingen v. Tingen,* 251 Or 458, 459, 446 P2d 185 (1968), we find that it would be in their best interests that their custody be restored to appellant.

The trial court shall fix the effective date for the physical change of custody to coincide with the end of the current school year.

Reversed. No costs to either party.

**FORT, J.,** dissenting.

I agree with the majority that it is necessary to show a substantial change of circumstances before a court can consider modifying a custody decree. I also agree that only after such a change has been established can the court consider what is in the best interests of the children.

[ 83 ]

I do not agree that on the basis of the facts as set forth in the majority opinion the petitioner, who has the burden as to both issues, has established either that there has been a substantial change of conditions or that a change of custody to the mother is in the best interests of the children.

In the first place it is conceded that the father has been doing a good job. No attack is made upon his discharge of his custodial responsibilities. The fact the mother's physical and mental condition had improved since custody of the girls was awarded to the father is not alone sufficient to establish the required change of circumstances in the absence of evidence showing that the father's custodial performance was deficient. Nor has the fact the noncustodial parent has remarried alone ever been recognized in this state as a ground for change of custody.

The testimony of the children's physician, that of a schoolteacher, and the court's own family counselor, as the majority opinion points out, all established that the children were doing well with their father. After careful investigation the family counselor recommended that the children remain with the father. The testimony of the girls almost exclusively relied upon by the majority is not only not controlling, it is at best equivocal.

Most important of all, however, in my view in a case such as this where the credibility of the witnesses is often of major importance, is the opportunity of the trial judge to see and hear and to evaluate the witnesses. The rule is well established in Oregon that the appellate courts in the matter of credibility to attach to the testimony of witnesses give deference to its conclusions to the extent that factor is involved. We have repeatedly called attention to that rule in domestic relations cases. For all of the foregoing reasons I would affirm the order of the trial court and, therefore, I respectfully dissent.