Argued April 28, reversed June 1, 1976

BERG, *Appellant,*
*v.*
BERG, *Respondent.*
(No. 98064, CA 5343)
549 P2d 1307

*Herb Lombard,* Eugene, argued the cause for appellant. With him on the brief were Sahlstrom, Lombard, Starr & Vinson, Eugene.

*Robert D. Richmond,* Eugene, argued the cause for respondent. With him on the brief were Anderson & Richmond, Eugene.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

LEE, J.

**LEE, J.**

The mother appeals the trial court's modification of the custody provision of a divorce decree whereby the custody of the child (a nine-year-old boy) was changed from the mother to the father.

The parties were married April 21, 1966. The child was born December 6, 1966. They divorced December 4, 1970. Later that month the mother married a second time. That marriage ended in dissolution about two years later.

In February and March 1973 while the boy was having ear surgery, he lived with the father. In April 1973 the boy returned to the mother who then married a third time. The boy stayed with the mother until summer and then returned to the father. In August the child returned to the mother. Shortly thereafter the parties agreed that the boy should spend the 1973-74 school year with the father, so the boy went back to him.

In October 1973 the mother's marriage with her third husband was dissolved and in November she married a fourth husband. At the time of the hearing she was still married to him and it was apparently a stable marriage. Her current husband's occupation requires frequent moves. The mother, however, testified that she consulted with the boy's teachers and adjusted the moves so they didn't "interfere in my son's schooling."

In December 1973 the mother had the boy for Christmas vacation. She decided not to return him for the remainder of the school year since she was again married.

In August 1974 the father moved for a change of custody to himself but there was no service on the mother. A temporary change was granted on October 30, 1974 and a permanent change was granted on June

13, 1975. The mother did not appear personally or by attorney at the time of either hearing.

In May 1975 the father remarried. On August 19, 1975 the father learned that the mother was in Sacramento, California. Armed with the custody order, the father went to Sacramento and sought assistance from law enforcement authorities there to get his son back. They declined. On August 25 the father observed the boy walking down a street in Sacramento; he took the boy with him and drove back to Oregon.

On September 3, 1975 the mother filed a motion to set aside the last custody order. By stipulation the parties agreed that no determination would be made on the validity of the temporary and permanent change of custody orders. In its order the court noted that the parties had "agreed to submit the matter as one for modification of the Decree of divorce entered herein on October 5, 1970."

■ The court's order awarded the custody of the boy to the father and also provided that:

"* * * The Decree of divorce entered herein on October 5, 1970 is hereby amended to provide as follows:

"A. The custody of the minor child of the parties, Everett Thomas Berg, is hereby awarded to defendant, Sheldon Eugene Berg, for the school year 1975-76. Plaintiff, Neva Van Dyke, formerly Neva Berg, is to have the care, custody and control of the minor child of the parties, Everett Thomas Berg, during the summer months of 1976. During the 1976-77 school year, custody, care and control of the minor child of the parties, Everett Thomas Berg, is granted to plaintiff and defendant is to have the care, custody and control of the child during the summer months of 1977. * * *"

This is tantamount to a split custody which is not favored. *Amundson v. Amundson,* 7 Or App 33, 35, 489 P2d 983 (1971); *Allen v. Allen,* 200 Or 678, 682, 268 P2d 358 (1954), *overruled on other grounds, Hawkins v. Hawkins,* 264 Or 221, 237, 504 P2d 709 (1972).

■ Two factors must coalesce to justify a modification

of custody: (1) there must have been a material change in circumstances since the last dissolution decree and (2) the change must be in the best interest of the child. *Smith and Smith,* 23 Or App 450, 543 P2d 313 (1975).

Guidelines for the proper determination of child custody were codified in the last session of the legislature. ORS 107.137(1) provides that:

"In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall give primary consideration to the best interests and welfare of the child. In determining the best interests and welfare of the child, the court may consider the following relevant factors:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child; and

"(c) The desirability of continuing an existing relationship."

■ There is no significant evidence in the record relating to factors (a) or (b) to support either party. The mother's position, however, is supported by factor (c). Between the date of the divorce decree (October 5, 1970) and the hearing on the motion for change of custody (September 4 and 5, 1975), the boy had lived less than one year with the father and over four years with the mother. In *Crane v. Crane,* 17 Or App 637, 639, 523 P2d 596 (1974), we stated that the reasons for the requirement of showing a change of circumstances are "to avoid constant litigation and more importantly to provide young children stability of environment." We also emphasized the importance of continuing an existing relationship in *McCutchan v. McCutchan,* 5 Or App 96, 98, 483 P2d 93 (1971). We believe that the boy's primary parent-figure is his mother. The frequent moves the mother has made with her current husband have not been shown to be detrimental to the child's welfare.

We conclude that the trial court erred in changing custody from the mother to the father.

Reversed. No costs to either party.