In the Matter of the Marriage of

MUSIL,
*Respondent,*
*and*

MUSIL,
*Appellant.*

(38294; CA A28252)

693 P2d 653

Chris W. Dunfield, Corvallis, argued the cause for appellant. With him on the brief were Lorence & Dunfield, Corvallis.

James E. Eickelberg, Corvallis, argued the cause for respondent. With him on the brief were Eickelberg & Fewel, Corvallis.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Mother appeals the trial court's order modifying the decree of dissolution of the parties' marriage by changing custody of the parties' nine-year-old son, Gregory, from her to father. The question presented is whether there has been a substantial change of circumstances to justify that change. *See Greisamer and Greisamer,* 276 Or 397, 555 P2d 28 (1976).

The initial decree granting custody of Gregory and the parties' five-year-old daughter to mother was entered in October 1981. From February through June 1982, pursuant to a stipulation of the parties, custody of Gregory was temporarily transferred to father. Gregory was then returned to the custody of mother and remained there until April 1983, when the trial court granted permanent custody to father.[1]

The child who is the subject of this proceeding has been diagnosed as having a learning disability; deterioration of his learning skills and his control of his emotions after he returned to mother's custody provides the basis for the conclusion that a substantial change of circumstances has occurred. According to a counselor who worked with Gregory over an 18-month period spanning the divorce and custody changes, his disability is manifested in his difficulty with reading and mathematics. The counselor also testified that she had discerned improvement in Gregory during the time he was in father's custody and a regression when he returned to mother's custody. She further testified that Gregory has difficulty coping with anger—his own and that of others; that that difficulty exacerbates his learning disability; that mother has difficulty identifying and handling her own anger; and that Gregory may feel that mother's anger is directed toward him. From that evidence, it may be inferred that mother's anger contributes to Gregory's learning disability.

Father asserts, and mother does not dispute, that Gregory's learning capabilities and behavior improved during the time the child was in his custody. Father attributes that

---

[1] In October 1982, mother moved to modify the decree in a number of respects, none involving changing custody of either child, and none of which is the subject of appeal. In December 1982, father also moved to modify the decree to change custody of Gregory to him and to delete the provision requiring him to pay mother for the support of Gregory; he also sought other changes that are not relevant to this appeal. Both motions were heard on March 1, 1983.

improvement to his own improved ability to maintain consistent discipline and supervision. He attributes Gregory's regression while in mother's custody to her tendency to do everything for the child and to fail to allow him to act independently so as to develop a sense of self-reliance.

■■ Whether a substantial change of circumstances has occurred since the entry of the original decree is a question of fact. The evidence points to a change in the parenting abilities of the respective parties. Within the framework of a substantial change analysis, we conclude that the problems the child experienced in adapting to the supervision of mother as a single parent, contrasted with his increased responsiveness to the influence of father when he had custody, constitute such a change. We conclude that returning custody to mother would be detrimental to the child and is not in his best interest. *See Atkinson and Atkinson,* 38 Or App 375, 590 P2d 279, *rev den* 286 Or 1 (1979).

Affirmed. No costs to either party.