Argued and submitted July 25, 1990, affirmed May 22, 1991

In the Matter of the Marriage of

Patrick Michael GREENE,
*Respondent,*
*and*

Carmen Mitchell GREENE,
*Appellant.*

(15-87-07217; CA A63310)

812 P2d 11

Martha J. Rodman, Eugene, argued the cause for appellant. With her on the brief was Gleaves Swearingen Larsen & Potter, Eugene.

Herb Lombard, Eugene, argued the cause for respondent. With him on the brief was Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

### DE MUNIZ, J.

Mother appeals a denial of her motion for change of custody of the parties' six-year old daughter. We affirm.

The marriage was dissolved in October, 1987; father was given custody of the child. In November, 1988, mother filed a motion to change custody to her. That motion was denied after a hearing in April, 1989. In August or September, 1989, father moved to Iowa and, on September 15, mother filed a second motion to change custody. Father argued that mother had failed to plead a change of circumstances, because the only change that she alleged had occurred after the April hearing is that he had moved from Oregon. The trial court denied mother's motion on father's motion for summary judgment.

■ A move out of state by a custodial parent, in and of itself, is not a change of circumstances sufficient to warrant changing custody, unless the move is shown to have had a significant adverse impact on the child. *Padbury and Padbury*, 46 Or App 533, 612 P2d 321 (1980). Mother contends that, without a hearing, it is almost impossible to determine the best interests of the child.[1] However, before the court can consider a child's best interests, the parent seeking custody must establish that a change of circumstances has occurred since the last custody determination. *See McJunkin and McJunkin*, 90 Or App 1, 4, 750 P2d 1164 (1988). Whether a change of circumstances has occurred is a question of fact. *Musil and Musil*, 71 Or App 586, 693 P2d 653, *rev den* 298 Or 822 (1985). Mother filed affidavits in support of her motion. Father argued that mother's allegations of changed circumstances either related to facts that existed at the time of the last custody determination, were based on inadmissible hearsay or reflected only a general "concern" about the child. In response, mother filed a second affidavit. Mother assigns

---

[1] ORS 107.149 provides:

"It is the policy of this state to assure minor children of frequent and continuing contact with parents who have shown the ability to act in the best interest of the child and to encourage parents to share in the rights and responsibilities of raising their children after the parents have separated or dissolved their marriage."

The statute articulates the legislative policy to encourage parent-child contact. It does not require a custody hearing every time a move occurs.

error to the trial court's refusal to consider a third affidavit that was due on November 7, 1989. The trial court took the matter under advisement on November 13. Mother did not file her motion to permit consideration of the affidavit until November 15 and did not file the affidavit until November 29. The trial court did not abuse its discretion in refusing to consider that affidavit.

■ Mother claims that, when her affidavits are considered together, they show a change of circumstances that "can best be summarized as a change from [the child's] being with her mother about 50% of the time to being with her mother not at all." The reasons for requiring a showing of a change of circumstances are to provide stability for the child and also to avoid constant litigation. *Crane v. Crane,* 17 Or App 637, 639, 523 P2d 596 (1974). This is an instance of constant litigation. The record shows an ongoing custody dispute. The last court hearing was only four months before mother began the present proceeding. Her affidavit establishes that she had had the child with her for almost one-half of the time between the last proceeding and the date when she filed the motion to change custody. Her affidavits document the continuing battle between the parents. However, they do not show that father's move in itself constituted a change of circumstances.

The only allegation that could support an inference that the move has been detrimental is mother's statement that she asked the child's teacher how the child was doing and was told that the child is "occasionally sad and withdrawn." However, proof of "occasional" sadness and withdrawal necessarily do not constitute a significant adverse impact. Mother also said that she asked that the child see the school counselor and that she had spoken with the counselor, but she does not claim that the counselor told her of any problems.[2]

The parties had fully litigated the issue of custody only a few months before this proceeding;[3] mother has failed

---

[2] Mother also alleged that father stated that he was going to stop the child from seeing the counselor. Even if true, father's comment does not give rise to an inference of significant adverse impact on the facts.

[3] We do not suggest that a party can never establish that a change of circumstances has occurred in a short time.

to show any basis for a finding that father's move from Oregon had a significant adverse impact on the child. The trial court did not err.[4]

Affirmed. Costs, not including attorney fees, to husband.

---

[4] Mother's assignment of error that the trial court granted attorney fees to father is premature. No judgment on attorney fees was entered, because mother had filed for bankruptcy.