Argued May 6, modified May 28, petition for rehearing
denied June 24, 1969

RAYNER, *Respondent, v.* RAYNER,
*Appellant.*

454 P2d 856

*Donald D. Yokom,* Pendleton, argued the cause and filed a brief for appellant.

*Lawrence B. Rew,* Pendleton, argued the cause for respondent. On the brief were Corey, Byler & Rew, Pendleton.

Before PERRY, Chief Justice, and McALLISTER,

SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

### HOLMAN, J.

Plaintiff wife and defendant husband were divorced in October of 1967. Plaintiff was awarded the custody of their children. Defendant subsequently filed a motion for a change of the custody of the children to him. The hearing on this motion was in September of 1968. At the time of the hearing the children concerned were a girl, age 17; a girl, age 11; a boy and a girl, age 10, who are twins; and a girl, age 7. Custody of the oldest child was transferred to defendant by the trial court but defendant appealed from that portion of the court's decree leaving the custody of the other children with the plaintiff.

Defendant is a career Navy man and, as a result, has been absent from home much of the time. This left plaintiff the primary duty of rearing the children. The divorce of the parties was commenced the week after defendant returned from a tour of foreign duty. He now has duty near Boardman in this state. He is eligible for retirement and says he will retire if transferred elsewhere. Plaintiff has continuously worked outside the home. She has a job as a secretary during the day and as a barmaid at night, working until three o'clock in the morning.

The conduct of both parties has been reprehensible, thus making extremely difficult a proper assignment of custody of the children. For five or six years the parties have not lived as husband and wife. Almost every time they have come in contact with each other a violent dispute has erupted—usually in the presence

of the children. For a year in 1964 and 1965 while defendant was stationed in a locality not far from his wife and family, he openly lived with another woman whom he married immediately after the divorce. For about a year prior to the divorce plaintiff lived with another man in the same house with her children. She claims to have seen the light since the divorce and says that she no longer entertains him sexually in her home. Evidence causes us to doubt this avowal on her part. She claims that she now goes to her paramour's apartment when she desires sexual intercourse.

The homes which both parents now maintain are adequate to provide the creature comforts for the children. Plaintiff has adequately clothed and fed her children. Defendant claims that plaintiff has abused them physically. We find the claim not proved.

Not surprisingly, the evidence indicates that the above-described situation has affected the children. The oldest girl has given birth to an illegitimate child. Even prior to the hearing in the present proceeding she was residing with defendant because she and her mother are unable to get along and engage in actual physical combat of the most violent kind when placed together. This daughter's emotional condition is such that we place no faith in her testimony, which was in favor of her father. She has made too many accusations against too many people. The girl, age 11, is extremely nervous, suffers from stomach ulcers, and is a poor achiever in school. The girl twin is also a poor achiever at school. One of the children wets the bed. All the signs of emotional trauma are shown. The male twin and the youngest child do not yet show any gross signs of emotional disturbance.

The oldest girl claims she will run away if forced to live with her mother. Both twins testified that they loved both of their parents but preferred to live with the father. This is remarkable because they have been living with plaintiff and experience indicates that children normally reflect the desires of the parent with whom they reside.

We believe the proper rearing of children requires something other than adequate food and clothing. While the choice is difficult because of the obvious moral inadequacies and poor judgment of both parents, we reluctantly conclude that we differ with the trial judge. We believe that the children will probably benefit from a change of custody to their father, and that possibly they will have a greater degree of stability there. The burden of rearing the children has fallen mainly on plaintiff and the results appear to be unfavorable.

The decree of the trial court is modified in that the custody of all the children is changed from plaintiff to defendant.

PERRY, J., dissents.