Argued May 2, reversed June 1, 1977

In the Matter of the Marriage of
TRACY, *Respondent,*
*and*
TRACY, *Appellant.*
(No. 403 726, CA 7371)

564 P2d 1079

Kent C. Whitaker, Portland, argued the cause for appellant. With him on the brief was Whitaker & Whitaker, P.C., Portland.

Michael J. Esler, Portland, argued the cause for respondent. With him on the brief were Haessler, Stamer & Esler, Portland.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Husband appeals from an order modifying a decree of dissolution to grant custody of the parties' son to wife.

The parties' twelve-year marriage was dissolved in Oregon in 1974, with wife obtaining custody of the two children of the marriage—a son, David, then aged seven, and a daughter, Penny, then aged ten. Husband immediately moved to Tennessee where he obtained employment. Wife sent him the children and then flew to Belgium to be with her fiancé. In late 1974, husband instituted proceedings in Tennessee to have legal custody of the children changed to him. Wife returned from Belgium to contest the change in custody, and after a hearing in December 1975, the decree was modified to award custody of David to husband.

Wife then married her fiancé and moved to Portland. In April 1976, husband moved to Lakeview, Oregon, where he resides with his parents in a house three miles from town. In July 1976, seven months after the previous modification of the decree, wife instituted a suit to regain custody of David. In October 1976, one month after a hearing on the matter, the trial judge ordered that wife be given custody of David.

In *Greisamer and Greisamer,* 276 Or 397, 400, 555 P2d 28 (1976), the court held:

> "* * * [A] decree awarding custody to one of the contesting parents will not be disturbed unless the plaintiff seeking a change in custody adduces evidence showing (1) that subsequent to the original decree events relevant to the capacity of the plaintiff or the custodial parent to properly take care of the child have changed, and (2) that considering the change in circumstances in the context of all relevant evidence it would be for the best interests of the child to change the custody from the custodial parent to the other * * *."

The trial court here found that a change of circumstances had occurred in that:

"* * * At the time of the Tennessee decree * * * Mr. Tracy was steadily employed in the State of Tennessee and was able to spend extensive periods of time with his son. He gave up that employment and returned to Oregon to embark on various mining activities requiring substantial travelling. The child is left alone and is being reared substantially by his grandparents, with a minimal contact of children his age. The father's employment may necessitate additional moves, denying to the child * * * the stability to which a child is entitled."[1]

Most of these findings are not supported by any evidence. There is no evidence that in Tennessee husband was able to spend "extensive periods of time" with David or that husband's mining activities require "substantial travelling" or that David is being "reared substantially by his grandparents" or that husband's employment may require additional moves. To the contrary, the evidence shows that husband spends time after work with David, that he must occasionally make a weekend business trip and tries on those occasions to take David with him, that he intends, if possible, to make Lakeview his permanent home, that David has friends in town as well as cousins his age with whom he plays, and that David's activities in Lakeview are much the same as they were in Tennessee.

There is no evidence that a material change of circumstances had occurred in the nine months between the December 1975 modification and the hearing resulting in the order here challenged.

Reversed. No costs to either party.

---

[1] Wife offered the testimony of a psychologist who stated that David was "somewhat * * * insecure" and "too cautious" for a child of nine. We do not read this testimony to mean that these personality traits had arisen since the December 1975 modification of the decree.