Argued and submitted September 10, reversed and remanded October 24, 1984

In the Matter of the Marriage of

BROUILLETTE,
*Appellant,*

*and*

BROUILLETTE,
*Respondent.*

(82-2238-E; CA A30027)

689 P2d 1055

Richard V. Kengla, Grants Pass, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

In this dissolution proceeding, the court held a preliminary hearing on January 14, 1983, to determine temporary custody of the couple's children. At the trial in July, 1983, the court ruled that evidence concerning facts and events occurring before January 14, 1983, would not be admitted, even though such evidence was not presented at the preliminary hearing.[1] The issues in a hearing to determine *pendente lite* custody and one to determine permanent custody are different. *See Cooley v. Cooley,* 1 Or App 223, 230, 461 P2d 65 (1969). We believe a decision on permanent custody should be made on a complete record and that, in this case, the trial court unduly restricted father's ability to present his case. *See Greisamer and Greisamer,* 276 Or 397, 401, 555 P2d 28 (1976).

In the absence of an agreement to be bound by the testimony at the preliminary custody hearing, the parties should not be so limited. The court should consider all evidence relating to the custody issue, whether occurring before or after the preliminary determination. This is not to say that the trial court may not require the parties to limit their presentation to evidence not already in the record.

Reversed and remanded. Costs to appellant.

---

[1] The trial court indicated that it would review the transcript of the preliminary hearing. The trial court did not find that the testimony offered would be cumulative of evidence already in the record. OEC 403.