Argued December 20, 1977, affirmed May 15, 1978

STATE ex rel BUTLER, *Respondent,*
*v.*
MORGAN, *Appellant.*
(No. 23268, CA 8880)
578 P2d 814

Robert A. Lucas, Rainier, argued the cause and filed the brief for appellant.

David B. Williamson, St. Helens, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee and Roberts, Judges.

LEE, J.

**LEE, J.**

This is an appeal of a child custody matter in which the circuit court issued an order granting a writ of habeas corpus directing the mother to deliver custody of two children whose ages were 4½ and 6 years at the time of the hearing, to the father based on an Arizona modification of an Arizona decree of dissolution of marriage. Defendant contends that (1) habeas corpus was an improper means to enforce an out-of-state dissolution decree, and (2) the circuit court erred in refusing to conduct a full evidentiary hearing on the merits.

The parties' marriage was dissolved in Arizona on February 19, 1974, by a decree that awarded custody of the two children to the mother. Father maintained close contact with the children while they and the mother lived in Arizona. Father visited the children every other weekend and on alternate holidays and kept the children for several weeks while mother was ill. In October, 1976, mother requested father to take the children for the school year so they were taken to the father's home and placed in school. The next weekend, mother took the children and moved to Oregon.

After mother moved to Oregon, father initiated a modification proceeding in Arizona to obtain custody of the children. Mother was served with an order to show cause why custody should not be changed. Mother filed a motion to quash the proceedings on the ground that Arizona had no jurisdiction. A hearing was held on March 3, 1977 (four months after mother moved to Oregon with the children); mother did not appear at the modification hearing; the court assumed jurisdiction and on April 11, 1977, signed an order awarding custody of the children to the father.

After the modification order was signed on April 11, 1977, father filed an exemplified copy of the decree of dissolution and the modified decree with the clerk of the circuit court for Columbia County, State of Oregon

[ 395 ]

on April 14, 1977, and sought to have the children returned to Arizona by means of an Oregon writ of habeas corpus. The mother filed a return to the writ on May 6, 1977, objecting to the modification of the original dissolution decree by the Arizona court and requesting that the writ be denied. On May 9, 1977, the circuit court conducted a hearing to determine whether the Arizona decree should be enforced in Oregon.

■ The first issue is whether habeas corpus is a proper procedure to enforce the modified out-of-state dissolution decree. Mother contends that a writ of habeas corpus is an improper enforcement procedure to use in conjunction with the Uniform Child Custody Jurisdiction Act (the Act), ORS 109.700 to 109.930.

ORS 109.850(1) provides:

> "A certified copy of a custody decree of another state may be filed in the office of the clerk of any circuit court of this state. The clerk shall treat the decree in the same manner as a custody decree of the circuit court of this state. A custody decree so filed has the same effect and shall be enforced in like manner as a custody decree rendered by a court of this state."

Since the Commissioners have noted that this section is intended to provide a simplified and speedy method of enforcement, it would appear that a contempt proceeding to enforce the decree would be the appropriate remedy. However, the Act does not abrogate enforcement procedures used prior to its adoption. The Act is enforceable by any method of enforcement available under the law of this state. *See* Commissioners' Note, 9 ULA 124, § 15 (Master ed 1973). We note that habeas corpus has been used for many years in Oregon to enforce custody decrees and that this method exists independent of statutory authorization. *Bartlett v. Bartlett,* 175 Or 215, 225, 152 P2d 402 (1944). Further, Oregon has continued to permit the use of habeas corpus as a child custody enforcement mechanism in cases decided since the Act was adopted in 1973. *Settle and Settle,* 276 Or 759, 556 P2d 962

[ 396 ]

(1976); *Brooks v. Brooks,* 20 Or App 43, 530 P2d 547, *rev den* (1975). We conclude that it was permissible for father to seek enforcement of the decree by means of a writ of habeas corpus.

The second issue is whether the trial court erred in granting the writ. Mother's return to the writ stated in substance that because the Arizona court lacked personal jurisdiction over the children when it modified the divorce decree, the modification was invalid. We disagree.

■ Mother's contention might be correct if the Arizona court in fact lacked jurisdiction to modify the decree; however, Arizona Revised Statutes provide the following basis for asserting jurisdiction:

> "A. The superior court for the state of Arizona is vested with jurisdiction to decide child custody matters by initial determination or by modification decree if:
>
> "1. This state is the domicile of a child at the time of commencement of the proceeding, or had been the child's domicile within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reason, and a parent or person acting as parent continues to live in this state; * * *
>
> "* * * * * *
>
> "C. Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody.
>
> "* * * * * *." ARS § 25-331.

This provision is premised upon the concept that a trial court retains continuing jurisdiction to modify a divorce decree with respect to the custody of a minor child. *Black v. Black,* 114 Ariz 282, 560 P2d 800, 801 (1977); *see also* Clark, Law of Domestic Relations 322-23, § 11.5 (1968). Under the facts and the statute Arizona had jurisdiction.

■ When a sister state such as Arizona asserts jurisdiction and modifies a decree, Oregon courts must recognize and enforce the decree if the sister state assumed

jurisdiction under statutory provisions *substantially in accordance with* the Uniform Child Custody Jurisdiction Act. ORS 109.830.[1] The primary jurisdictional provision of the Act, ORS 109.730, provides:

> "(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
>
> "(a) This state is the home state of the child at the time of commencement of the proceeding, or had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state;
>
> "* * * * *
>
> "(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody."

Since the Arizona provision is substantially in accordance with the jurisdictional provision of the Act, the Oregon court did not err in granting father's writ enforcing the modification of the decree.

■ Finally, mother made repeated efforts during the habeas corpus proceeding to introduce new evidence on the circumstances of the children. In the absence of a

---

[1] ORS 109.830 provides:

"The court of this state shall recognize and enforce an initial or modification decree by a court of another state which had assumed jurisdiction under statutory provisions substantially in accordance with ORS 109.700 to 109.930 or which was made under factual circumstances meeting the jurisdictional standards of ORS 109.700 to 109.930, so long as this decree has not been modified in accordance with jurisdictional standards substantially similar to those of ORS 109.700 to 109.930."

Although the full faith and credit clause may not require the recognition of out-of-state custody decrees, the states are free to recognize and enforce them. *See* Commissioners' Note, 9 ULA 120, § 13 (Master ed 1973), which paraphrases the Restatement of the Law Second, Conflict of Laws, Proposed Official Draft, section 109 (1967), to this effect.

petition for modification, this issue is not properly before the court.

Affirmed.