Argued and submitted April 20, affirmed September 19, 1990

In the Matter of the Marriage of

Ellen Barrar DAGAN,
*Respondent,*
*and*

Amatzia DAGAN,
*Appellant.*

(15-84-09904; CA A60654)

798 P2d 253

Henry G. Campbell, Jr., Eugene, argued the cause and filed the brief for appellant.

F. William Honsowetz, Eugene, argued the cause for respondent. With him on the brief were Jeffrey E. Potter and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Father appeals an order denying his motion to amend a dissolution judgment to incorporate the provisions of an Israeli judgment awarding custody of the parties' two sons to him. We affirm.

Father is an Israeli citizen currently residing in Israel. Mother is an American citizen currently residing with their sons in Eugene, Oregon. The parties were married in Eugene on December 26, 1980. Shortly thereafter, they moved to Israel and lived on a kibbutz where both of their sons were born, Avner on April 16, 1982, and Aylon on September 5, 1983. They lived on the kibbutz until mother, anticipating the break down of her marriage, returned to Eugene with the children on December 17, 1984. Immediately thereafter, on December 21, 1984, mother filed for unlimited separation[1] and sought, *ex parte,* temporary custody of the children and an order restraining father from removing the children from the United States. The same day, the trial court granted the requested restraining order, awarded mother and father joint temporary custody and granted mother physical custody of the children until further order of the court, pending determination of father's "access" to the children.

Father, having filed a custody proceeding in Israel on February 10, 1985, appeared specially in Oregon on February 25, 1985, to move the court to dismiss mother's "petition for custody" or, in the alternative, to decline to exercise jurisdiction on the round of *forum nonconveniens.* While that motion was pending, the parties stipulated to an order supplementing the custody order to reflect the parties' agreement regarding father's visitation rights. That order, dated August 5, 1986, provided that it "shall remain in effect until such time as it is modified or superseded by order of a court having and exercising lawful jurisdiction, and the foregoing order does not bind the court which makes a final custody decision."

In ruling on father's February 25, 1985, motion, the trial court determined that it had jurisdiction over the custody issue but declined to exercise it, concluding that the district court in Tel Aviv was the more convenient forum. ORS

---

[1] On mother's motion, the court subsequently amended the petition to state a claim for dissolution.

109.770. However, the court resolved the remaining issues in the dissolution proceeding and entered a judgment of dissolution on July 2, 1987. That judgment is silent with respect to custody of the children.

On August 29, 1988, the Israeli court awarded custody of the parties' two sons to father. Father then moved the Oregon trial court to amend the dissolution judgment by incorporating the terms relating to custody as determined by the Israeli judgment. Although the trial court denied father's motion without articulating its reasons, there are at least two reasons why it properly could have done so.

■  Father moved for an order "[a]mending the JUDGMENT AND DECREE OF DISSOLUTION OF MARRIAGE herein dated July 2, 1987, by adding these provisions:

> "Respondent is awarded the care, custody and control of Avner Dagan, born April 16, 1982, and Aylon Dagan, born September 5, 1983, minor children of the parties, subject to such visitation with Petitioner as the parties may agree. If the parties do not agree on the question of visitation, that question shall be determined by the District court of Tel Aviv - Jaffa, Israel."

Despite the way father styled his motion, he argues that this proceeding is an action to *enforce* the Israeli judgment. Even if we were to accept his characterization, the trial court could properly have denied his motion, because he did not file a certified copy of the foreign judgment with the county clerk, thereby establishing its validity. ORS 109.850.

■ ■  One of the stated purposes of the Uniform Child Custody Jurisdiction Act, ORS 109.700 to 109.930 (UCCJA), is to "[f]acilitate the enforcement of custody decrees of other states." ORS 109.720(1)(g). It accomplishes that objective by providing a speedy procedure to register the decree of another state, including a foreign country. ORS 109.720(3). The proponent need only file a *certified* copy of the foreign judgment with the clerk of the circuit court; thereafter, the judgment is accorded the same status as a local judgment. ORS 109.850. Once they are registered, ORS 109.830 mandates that courts of this state "recognize and enforce" custody decrees of other states if the foreign court had properly assumed jurisdiction under statutory provisions substantially similar to those embodied in the UCCJA.

■ Attached to father's original motion was a three-page English translation of a portion of the Israeli judgment titled "Decision," a two-page document in Hebrew and a one-page certificate stating that the translation is a correct translation of the original document. Before the court ruled on father's motion, father submitted a full copy of the Israeli judgment in Hebrew, along with its English translation and the certificate of the translator that the translation was correct. Father concedes that the record does not contain a certified copy of the judgment. The trial court properly could have denied father's motion for that reason.[2]

■ Alternatively, if we were to treat father's motion as a motion to amend the dissolution judgment to incorporate the custody provisions of the foreign judgment, father failed to comply with the procedural requirements. ORS 107.135(1)(a) authorizes the court to modify a dissolution judgment on the motion of either party when a change in circumstances dictates the modification. *See* ORS 107.169(5); *Greisamer and Greisamer,* 276 Or 397, 555 P2d 28 (1976). Both the Uniform Trial Court Rules and Lane County Local Rules contemplate a full evidentiary hearing on such a motion. UTCR 8.050(1) provides:

> "Modification proceedings shall be initiated by an order to show cause based on a motion supported by an affidavit indicating the change of circumstances relied on. When support is to be an issue, a Uniform Support Affidavit, as set out in the Appendix of Forms to these rules, shall also be filed with the motion."

Father did not initiate the modification proceedings by an order to show cause why the dissolution judgment should be modified. Neither did he support his motion with the required affidavit, describing the changed circumstances on which he relies to alter the judgment. Because father did not comply with those requirements, the trial court properly could have denied his motion on that ground.

Affirmed. Costs to mother.

---

[2] Although the UCCJA does not abrogate *enforcement* procedures that had been used before its adoption, *State ex rel Butler v. Morgan,* 34 Or App 393, 396, 578 P2d 814 (1978), we need not decide, on this record, whether ORS 109.850(1) provides the exclusive method to establish a foreign judgment, because this proceeding, according to father, is one to enforce, not to establish, the foreign judgment.