Argued December 13, 1960, reversed January 11, 1961

# HENRICKSON *v.* HENRICKSON
### 358 P. 2d 507

*Norman K. Winslow,* Salem, argued the cause and filed a brief for appellant.

*Thomas B. Brand,* Salem, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and HOWELL, Justices.

WARNER, J.

The origin of this litigation was a suit for divorce by George A. Henrickson against his wife, Katherine E. Henrickson, begun in October, 1952. The present

contention is about the custody of Pamela Gene Henrickson, the only child of the parties. She is now about eight years old. The original decree awarded the divorce to defendant and also the custody of the little girl, subject to the right of the plaintiff-father to visit her at reasonable times and places.

In December, 1958, plaintiff, as petitioner, moved for an order modifying the decree of 1952 with respect to the custody provision. Thereafter, such proceedings were had and the court on December 8, 1959, awarded the custody of Pamela to her father with, however, a right of reasonable visitation in her mother. The defendant did not appeal from that order. Sixty-seven days later, on February 23, 1960, the defendant-mother filed a motion for another modification in her favor.

The 1952 proceedings in the divorce matter and the modification made in December, 1959, were heard before the Honorable Joseph B. Felton. The proceedings following defendant's motion for modification in 1960 were heard and determined by the Honorable George A. Jones. The order of modification in the second proceeding was entered July 11, 1960, and awarded the custody of Pamela to her mother, reserving to the father the child's custody and control during the months of July and August each year. From this order the plaintiff, George A. Henrickson, appeals.

Both parties have remarried since the divorce in 1952 and defendant is now Katherine E. Breen. She resides in the state of Washington with her husband and other members of the family. The plaintiff and his wife make their home in Salem.

Because of what we have to say concerning the first modification proceedings and more particularly be-

cause of certain statements in defendant's brief, which in effect represent the order of default entered immediately before the decree of December 8, 1959, that "The real issues of the case were never presented to the Honorable Joseph B. Felton * * *," we have carefully reviewed the record in the 1959 proceeding. We find the proceedings before Judge Felton continued during the entire year which intervened between the filing of Mr. Henrickson's motion in December, 1958, and the entry of the decree.

The salient entries found in the judgment roll indicate on March 3, 1959, Mrs. Breen entered her appearance by filing a counter-affidavit. On April 16, 1959, both parties appeared before Judge Felton in person and with their respective counsel. At that time the court made a journal entry reciting "after hearing evidence adduced and arguments being waived [the court], took the matter under advisement." Various other orders were entered in the meantime. Among them was one granting Mr. Henrickson temporary custody of Pamela during July and August of 1959. Later, another order found Mrs. Breen in contempt for ignoring the provisions of the temporary order. The entry of the default preceding the decree of modification by Judge Felton was the result of defendant's failure to honor a previous order to appear on a day certain in November, 1959, and give her deposition as an adverse party.

We conclude that Mrs. Henrickson had had her day in court in the first proceeding for modification and was given opportunity to fully present such defense as she may have had, including some matters she later presented at the time of the hearing before Judge Jones. From the record then made, it would appear that she entertained an indifference to the matter

initiated by her former husband and to certain orders of the court while it was pending.

■■ A general and well-established rule in matters of this kind requires an applicant for a modification to show a change of circumstances arising subsequent to the making of the last order respecting custody. It was first announced in this jurisdiction in *Merges v. Merges,* 94 Or 246, 253, 186 P 36 (1919), where Mr. Justice BURNETT marshaled in support of the rule the provisions of § 756, LOL (now ORS 43.130), relating to the conclusive effect of judicial orders. Since then we have declared in *Goldson v. Goldson,* 192 Or 611, 236 P2d 314 (1951), that the true rule is as was aptly expressed in *Kellogg v. Kellogg,* 187 Or 617, 213 P2d 172, by Mr. Justice HAY, where he stated at p 621:

> " 'The divorce decree in the present case, however, gave custody to plaintiff. Before any change in custody is made, it must be shown that, since the entry of the decree, there has been a change in conditions affecting the welfare of the child, and that the proposed change in custody would be for the child's best interests.' "

See, also, *Jenkins v. Jenkins,* 184 Or 525, 198 P2d 985; *Leverich v. Leverich,* 175 Or 174, 179, 152 P2d 303; 17A Am Jur 32, Divorce and Separation § 839; 27B CJS 542, Divorce § 317(2)b.

■■ The net effect of our earlier decisions is to render every prior custody order res judicata in any later modification matter. *Goldson v. Goldson,* supra (192 Or at 617); *Meredith v. Meredith,* 203 Or 45, 47, 276 P2d 387 (1954); *Rasmussen v. Rasmussen,* 113 Or 146, 148, 231 P 964 (1925). This element of finality continues, notwithstanding the order was entered ex parte. *Phillips v. Phillips,* 175 Or 14, 26, 149 P2d 967; *Gibson v. Gibson,* 196 Or 198, 213, 247 P2d 757. The moving

party is, therefore, confined to matters alleged in his motion and supporting affidavit and, as to these matters, has the burden of proof. *Sakraida v. Sakraida,* 192 Or 217, 226, 217 P2d 242, 233 P2d 762.

■ When we speak of a "change in circumstances" we are referring primarily to changes occurring since the rendition of the last custodial order. In order to justify a modification for the care and custody of a minor child the petitioner is under the burden to show that it would enhance the welfare of the child, or that the change in circumstances since the rendition of the last decree has been such as injuriously affected the child. *Wells v. Wells-Crawford,* 120 Or 557, 564, 251 P 263, 251 P 907.

■ A change in custody without improvement in the condition of the child would be experimental and unwarranted. The paramount and controlling consideration above all other questions is the welfare of the child. *Merges v. Merges,* supra (94 Or at 252); *Wells v. Wells-Crawford,* supra (120 Or at 566); *Leverich v. Leverich,* supra (175 Or at 180).

It is not enough to only show that the petitioning parent is better able to now care for the child than when the custodial order was made, or that petitioner is now remarried and has acquired a desirable residence or that the party's financial or other material circumstances have improved. *Leverich v. Leverich,* supra (175 Or at 180); *Sachs v. Sachs,* 145 Or 23, 30, 25 P2d 159, 26 P2d 780.

■ We, therefore, confine our attention to such changes as may have occurred subsequent to December 8, 1959; that is, during the 67-day interval between that date and February 23, 1960, when defendant filed her motion for modification. The only reasons Mrs. Breen assigns by her affidavit in support of her motion

for a change in custody are three. We summarize them as follows: (1) that the state of her health has improved since the summer of 1959; (2) that her husband earns approximately $400 a month; and (3) that Pamela has not been supplied with a private room as promised in the first proceeding for modification.

We find the record contains irrelevant matter through testimony of the petitioner and her witnesses relating to circumstances and things transpiring prior to the first decree of modification.

We are persuaded the petitioner has failed to sustain her burden. The weight of the testimony adduced by her goes to the modest but apparently stabilized condition of her husband's employment and income; to matters relating to their Seattle home; and petitioner's affectionate regard for her daughter, which we do not gainsay. But she has failed to show any changed condition, material or otherwise, that has occurred since December 8, 1959, in the father's ability or inclination to care for the child in the best possible manner or that the welfare of the child has suffered by reason thereof. Indeed, the testimony brought forward by the father indicates a distinct improvement in Pamela's school work. It also reveals a good adjustment with the children where she attends school and reflects good health, improvement in personal and social graces comprehending proper responses to manners and etiquette and the care of her person and personal property to a degree reasonably to be expected of a girl of her tender years. All of these connote progress and betterment contrasted with the child's attitude and condition when first returned to her father. Her relationships with her father and stepmother appear to be happy and wholesome.

We have also taken note of the petitioner's charge

that Pamela did not enjoy the privilege of a room of her own. This we find without merit. It appears that the child was not returned to her father's custody until January, 1960. At that time and for a month thereafter she was required to sleep in a bed in the living room adjacent to the bedroom occupied by Mr. Henrickson and his wife. This temporary arrangement was necessitated until a separate room could be provided for her. As soon as that was accomplished she was given a room of her own. From what the testimony reveals, it is in all respects adequately furnished for the use and comfort of such a young person.

We cannot say from the record before us that the proposed change in custody would be for the best interests of the child (*Kellogg v. Kellogg,* supra); and, therefore, find no reason to modify the decision of Judge Felton made in the first proceeding for modification of the original divorce decree. The decree in the instant proceeding will be reversed. Costs to neither party.