# In the Matter of the Dissolution of the Marriage of
## GREISAMER, *Respondent,*
### *and*
## GREISAMER, *Petitioner.*
555 P2d 28

*Ort W. Goakey,* Klamath Falls, argued the cause for petitioner.

*Donald M. Ratliff,* Klamath Falls, argued the cause for respondent.

O'CONNELL, J.

## O'CONNELL, J.

This is a child custody dispute, which comes to us from the Court of Appeals on a petition for review filed by the child's mother, who attacks the decision of the Court of Appeals reversing a judgment of the trial court granting her the custody of the children. *Greisamer and Greisamer,* 24 Or App 819, 547 P2d 155 (1976).

Shortly after moving to Oregon, the father filed for a separation from the mother in Klamath County circuit court. Both parties were represented by counsel throughout the proceedings and submitted evidence directed to the issue of child custody. Subsequently, on November 20, 1974, the court entered a decree of separation and awarded custody of the two young boys to the father. On December 8, 1974, dissolution proceedings were begun by the father. The case was tried during June of 1975. After showing that she had obtained employment and acquired a home, the mother introduced evidence of the father's conduct prior to the separation suit. Custody was awarded to the mother. On appeal by the father, the Court of Appeals concluded that the trial court erroneously admitted evidence in the dissolution proceeding concerning events that had been the subject of testimony on the custody issue in the earlier separation suit. The Court of Appeals, while noting that the mother had "very commendably" improved her circumstances in the interval between the two decrees, found insufficient change of circumstances inasmuch as "[t]he mother's evidence against the father related almost entirely to sordid events that had occurred before the custody decree in the separation suit." 24 Or App at 826, 547 P2d at 159.

On review, the central issue presented is whether the modification of custody rules preclude the consideration of evidence of events occurring prior to the previous custody decree which reflect upon the suitability for continued custody by the parent who was originally granted custody.

The general rule regarding modification of custody awards is stated in *Henrickson v. Henrickson,* 225 Or 398, 402-03, 358 P2d 507 (1961):

> "The net effect of our earlier decisions is to render every prior custody order res judicata in any later modification matter * * *. The moving party is, therefore, confined to matters alleged in his motion and supporting affidavit and, as to these matters, has the burden of proof.
>
> "* * * In order to justify a modification for the care and custody of a minor child the petitioner is under the burden to show that it would enhance the welfare of the child, or that the change in circumstances since the rendition of the last decree has been such as injuriously affected the child."

It is clear from this statement of the rule that the original decree awarding custody to one of the contesting parents will not be disturbed unless the plaintiff seeking a change in custody adduces evidence showing (1) that subsequent to the original decree events relevant to the capacity of the plaintiff or the custodial parent to properly take care of the child have changed, and (2) that considering the change in circumstances in the context of all relevant evidence it would be for the best interests of the child to change the custody from the custodial parent to the other. Step one in the inquiry may be satisfied by showing that after the original decree awarding custody was entered, the custodial parent's circumstances made him less capable of providing care for the child, or that the circumstances of the plaintiff seeking a change in custody had improved, or that both such conditions arose following the initial decree.[1]

In the present case there was no evidence showing that the father's circumstances had changed; we have evidence only of the improved circumstances of the mother. The second step in the analysis requires an

---

[1]To the effect that a change in circumstances of the non-custodial parent may justify a change in custody, see *Muhler v. Muhler,* 220 Or 321, 349 P2d 661 (1960); *Goldson v. Goldson,* 192 Or 611, 620, 236 P2d 314 (1951).

appraisal of the mother's change in circumstances as it affects the best interests of the child. Such an appraisal necessarily calls for a comparison between the child's interests which will be served if it remains with the father and the child's interests which will be served if custody is awarded to the mother. In making this comparison, the father's deficiencies existing at the time of the first decree if they are relevant to the inquiry must be put on the scale just as they were put on the scale in the first proceeding. It is apparent that the father was awarded custody in spite of his shortcomings only because the mother was not in a position economically at that time to do even as well as the father, and that if the mother had not been so handicapped the custody would have been awarded to her in order to serve the best interests of the two children. It is patent, then, that the evidence relating to the husband's custodial qualifications existing at the time of the first proceeding are an essential ingredient in the second proceeding in determining what would best serve the children's interests.

7. This conclusion does not offend the policy underlying the principle of res judicata. This is not an instance where the plaintiff is seeking to readjudicate a question previously decided; plaintiff is asking only that facts previously considered but which are essential to decide an existing and new dispute, be used as evidence. A review of our previous decisions indicates that in modification proceedings events prior to the original decree have been relied upon in determining what will serve the best interests of the child.[2] It should be made clear that without evidence of a change in circumstances after the original decree, we do not reach the second step in the analysis. Thus, the mother in this case could not obtain a change in custody solely upon the basis of evidence of the father's conduct as shown in the transcript of the original proceeding or additional evidence which could have been introduced in the first proceeding but was

[2] See e.g., *Rayner v. Rayner,* 253 Or 523, 454 P2d 856 (1969) and *Hogan v. Hogan,* 6 Or App 122, 486 P2d 1309 (1971).

not. In either instance, the decision in the prior proceeding would be res judicata in a subsequent modification proceeding, assuming that there was no evidence of a change in circumstances after the original decree.[3]

Because the Court of Appeals misapplied the res judicata principle in its limitation of the evidence relevant to the best interests of the children, the judgment rendered by it must be reversed and the cause remanded to it for a decision based upon all admissible evidence, including the prior conduct of the father. As we have already explained, a change in circumstances will warrant a change in custody only if it is in the best interests of the child. In determining whether the original decree is to be modified, a very important consideration is the psychological impact which frequently results from the shifting of the child once it has found roots of security and stability with one of its parents.

We will assume that the Court of Appeals will, as it has in other cases, take this factor into account in making its decision.[4]

---

[3] Even assuming that a change in circumstances is shown, undue relitigation of the same factual issues will be minimized by the exclusion of irrelevant evidence from the distant past and by the application of the doctrine of res judicata to decided controversy. Where, for example, the original decree contains an express finding of fact of child abuse by the mother, the truth of this finding could not be relitigated.

[4] The Court of Appeals recognized this factor in *Mackey v. Mackey,* 9 Or App 113, 115, 496 P2d 21 (1972), where the court held that the change in circumstances must be "quite real if the benefits from change are to overcome the damage done to a child who is exposed to shifting parental figures." And again, in *Miller v. Miller,* 10 Or App 330, 332, 499 P2d 826 (1972), where they noted that

" ' "* * * [W]hen there has already been one upheaval in the child's life due to divorce * * * the first and foremost requirement for the child's health and proper growth is stability, security, and continuity. * * * [S]tability is 'practically the principal element in raising children, especially pre-puberty ones,' and * * * 'a child can handle almost anything better than he can handle instability.' * * * [P]oor parental models are easier to adapt to than ever shifting ones.' * * *" ' Bodenheimer, The Uniform Child Custody Jurisdiction Act: A Legislative Remedy for Children Caught in the Conflict of Laws, 22 Vand L Rev 1207, 1208-09 (1969)."

*See also* Comment, "Modification of Child Custody Awards in Indiana: The Need for Statutory Guidelines," 47 Ind L J 129, 134-36 (1971).