On appellant's petition for reconsideration filed November 21, 1989, reconsideration allowed, former decision (99 Or App 213, 781 P2d 876) withdrawn; remanded for further proceedings April 25, respondent's reconsideration denied June 13, petition for review allowed July 3, 1990 (310 Or 133)

In the Matter of the Marriage of

ORTIZ,
*Respondent,*
*and*

ORTIZ,
formerly Price, nka Richkind,
*Appellant.*

(82-2357; CA A60104)

790 P2d 555

Steven M. Richkind, Salem, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

## ROSSMAN, J.

Mother petitions for review of our decision, 99 Or App 213, 781 P2d 876 (1989), in which we affirmed without opinion the trial court's refusal in a custody modification proceeding to consider father's 1985 convictions for delivery of controlled substances. We treat the petition as one for reconsideration, ORAP 9.15, allow the petition, hold that the evidence should have been admitted and remand on the issue of the best interests of the children.

The parties' marriage was dissolved in 1983; they agreed that mother should have custody of their two minor children. However, on December 1, 1984, by stipulation, the original decree was amended to transfer custody of the children to father. On August 14, 1985, father was convicted for delivery of controlled substances. On March 14, 1986, after mother had experienced difficulty in exercising her visitation rights, the parties entered into a stipulated order fixing those rights in detail and deleting spousal support provisions.

On May 24, 1988, pursuant to a warrant, police searched father's residence for evidence that he was a co-conspirator in the delivery of methamphetamine. They seized a semi-automatic weapon, marijuana and a "white powdery substance." On September 30, 1988, mother filed a motion to require father to show cause why she should not be awarded custody of the children. By affidavit, she and her present husband said that her circumstances had improved, that they could provide the children with a stable home environment and that they believed that the children were suffering emotional damage as a result of father's involvement with drugs and multiple girlfriends.

At trial, mother attempted to introduce evidence of father's 1985 drug convictions. The trial court refused to consider that evidence. It noted that, to obtain a change in custody, a party must demonstrate a change in circumstances that has occurred since the entry of the last custodial order and that the proposed modification would be in the best interest of the child. *See, e.g., Greisamer and Greisamer,* 276 Or 397, 400, 555 P2d 28 (1976); *Harper and Harper,* 81 Or App 656, 658, 726 P2d 972 (1986). Reasoning that it could not consider the 1985 convictions, because they had occurred before the 1986 order specifying mother's visitation rights, it ruled:

"There is nothing that I see that can give me authority to change that decree based on 'circumstantial change of circumstances' [sic] based on the proof that has been presented before me. I just don't see it. * * * I would like to be able to see this whole thing, but I have to deal with what I have before me and that doesn't give me, in my opinion, any authority to change the status quo."

Mother argues that a stipulated visitation order is not a custodial order for purposes of the change in circumstances rule.[1] We agree. In contrast to matters involving custody, modification of parental visitation rights requires neither a determination of the relative fitness of the parents nor a showing of a substantial change in circumstances. *See Pergament and Pergament,* 28 Or App 459, 462, 559 P2d 942 (1977). Rather, the critical factor to be considered is whether the change will benefit the children. *Adams and Adams,* 55 Or App 366, 369, 637 P2d 1358 (1981). Given the different issues and standards in the two types of proceedings, it is inappropriate to treat visitation orders as "custodial orders" for purposes of the change in circumstances rule.[2]

Father admitted in his answer to mother's request for admissions that he was convicted on two counts of delivery of controlled substances in 1985. At the hearing, Officer Claxton testified that he, with other officers, had obtained a warrant to search father's residence for evidence that he was a co-conspirator in the possession, distribution and manufacture of methamphetamines. Father admitted in his testimony that the children were at home when the search was made and that drugs were found at that time. On *de novo* review, we conclude

---

[1] The change in circumstances rule applies as of the last custodial order or judgment, regardless of whether it was the result of litigation or pursuant to a stipulation of the parties. *Welby and Welby,* 89 Or App 412, 749 P2d 602 (1988).

[2] In fact, doing so would defeat the rule's purposes. The reasons for making the date of custody orders the measuring event for later modification matters are to discourage repeated litigation of issues concerning a parent's capacity to properly care for the parties' children and to promote stability in the children's environment. *Neidert and Niedert,* 28 Or App 309, 313, 559 P2d 515, *rev den* (1977). If visitation orders are accorded the same effect in subsequent custody modification proceedings, non-custodial parents experiencing visitation difficulties will be unable to obtain more reasonable visitation without permanently relinquishing the opportunity to obtain full custody on the basis of then existing circumstances. That would encourage resort to full custody litigation and also result in continued trauma to the family.

that that evidence justifies a finding of a substantial change in circumstances since the last custodial order.

■ That does not end the inquiry, however. Custody modification proceedings require the resolution of two distinct questions. The first is whether there has been a substantial change in circumstances. The second is whether a change in custody will be in the best interest of the child. *Greisamer and Greisamer, supra.* In this case, neither the parties nor the trial court reached the second prong of the analysis; the sole question before us is whether a substantial change in circumstances had occurred. Because the record contains no evidence to assist us in determining whether a change in custody would be in the best interests of the children, it is necessary to remand on that issue.

Reconsideration allowed; former decision withdrawn; remanded for further proceedings not inconsistent with this opinion. Costs to mother.