Argued and submitted September 6, the decision of the Court of Appeals affirmed and the judgment of the circuit court reversed and remanded to circuit court for further proceedings November 26, 1990

In the Matter of the Marriage of

Michael Ernest ORTIZ,
*Petitioner on Review,*

*and*

Lynda Elaine ORTIZ,
formerly Lynda Elaine Price,
nka Lynda Elaine Richkind,
*Respondent on Review.*

(TC 82-2357; CA A60104; SC S37187)

801 P2d 767

Melvin T. Rollema, Albany, argued the cause and filed the petition for petitioner on review.

Larry W. Stuber, Salem, argued the cause for respondent on review. With him on the response was Steven M. Richkind, Salem.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a custody modification proceeding. ORS 107.135(1)(a). The issue is whether a stipulated visitation order is a custody order for the purpose of the change of circumstances rule. *Henrickson v. Henrickson,* 225 Or 398, 358 P2d 507 (1961).[1] The Court of Appeals held that it is not. *Ortiz and Ortiz,* 101 Or App 362, 790 P2d 555 (1990). We agree and affirm.

In 1983, a stipulated dissolution judgment was entered, awarding custody of the parties' children to mother, subject to father's reasonable visitation. In 1984, the judgment was amended, again by stipulation, changing custody of the children to father, subject to mother's reasonable visitation.

In 1985, father was convicted of two counts of delivery of a controlled substance (cocaine).

In 1986, following a dispute over mother's visitation rights, the parties stipulated to an order containing a specific visitation schedule for mother and terminating her spousal support.[2] Custody was not in issue in 1986.

In May, 1988, the police searched father's home, under a search warrant, for evidence that he was a co-conspirator in a drug ring. The children were at the home when it was

---

[1] In *Henrickson v. Henrickson,* 225 Or 398, 402-03, 358 P2d 507 (1961), we stated:

"A general and well-established rule in matters of this kind requires an applicant for a modification to show a change of circumstances arising subsequent to the making of the last order respecting custody. * * *

"* * * * *

"The net effect of our earlier decisions is to render every prior custody order res judicata in any later modification matter. This element of finality continues, notwithstanding the order was entered ex parte. The moving party is, therefore, confined to matters alleged in his motion and supporting affidavit and, as to these matters, has the burden of proof.

"When we speak of a 'change of circumstances' we are referring primarily to changes occurring since the rendition of the last custodial order. In order to justify a modification for the care and custody of a minor child the petitioner is under the burden to show that it would enhance the welfare of the child, or that the change in circumstances since the rendition of the last decree has been such as injuriously affected the child." (Citations omitted.)

[2] Father asserts that mother knew about his 1985 convictions when she agreed to the 1986 visitation order. Mother denies that she knew about those convictions in 1986.

searched. A semi-automatic handgun, methamphetamine, scales, and narcotics paraphernalia were seized.[3]

In September, 1988, mother obtained an order to show cause why the children's custody should not be changed to her. She asserted in her affidavit that the children were suffering emotional damage as a result of father's involvement with drugs and multiple girlfriends; that her circumstances had improved; and that she and her new husband could provide the children with a stable home environment.

At the 1988 change of custody hearing, mother attempted to introduce evidence of father's 1985 drug convictions. Father objected, arguing that those convictions occurred before the parties' 1986 stipulated visitation order, which, he argued, was the last custody order in this case. Father relied primarily on *Henrickson v. Henrickson, supra.*

The trial court sustained father's objection and refused to consider the evidence, explaining:

"There is nothing that I see that can give me authority to change that decree based on 'circumstantial [*sic*] change of circumstances' based on the proof that has been presented before me. I just don't see it. Even though, as I say, if the matters that you are alluding to, the matters you stated are true, you know, it's a different story, but there is nothing that I have that shows, or proves to me that those are true. I would like to be able to address, if there is an issue, the entire issue. I would like to be able to see this whole thing, but I have to deal with what I have before me and that doesn't give me, in my opinion, any authority to change the status quo. So, that is the ruling."

Concluding that mother had not shown a change of circumstances since the entry of the 1986 order, the trial court denied her motion to change custody. She appealed.

The Court of Appeals first affirmed the trial court's order without opinion. *Ortiz and Ortiz,* 99 Or App 213, 781 P2d 876 (1989). However, on reconsideration, the court held that a stipulated visitation order is not a custody order for the purpose of the change of circumstances rule and that the evidence

---

[3] A federal grand jury indicted father in January, 1989, for conspiracy to possess (with intent to distribute) a controlled substance. The record before us does not disclose the disposition of that case.

of father's 1985 drug convictions should have been admitted. *Ortiz and Ortiz, supra,* 101 Or App at 364. On *de novo* review, the Court of Appeals concluded that the evidence presented at the hearing showed a change of circumstances since the last order respecting the children's custody. Because it found that the record contained no evidence on the issue of the children's best interests, the Court of Appeals remanded the case to the trial court to determine whether a change of custody would be in the children's best interests. Father petitioned this court for review.

Father contends that the change of circumstances rule prohibits a court from considering any evidence relevant to custody that existed before the entry of the last custody order. He argues that the 1986 stipulated visitation order is the last custody order, because a visitation order is inherently a custody order, and that it makes no difference analytically whether the visitation order is entered by stipulation of the parties or after a contested trial. He further argues that, if a visitation order is by stipulation, the parties have implicitly agreed that one of them shall retain custody and the other shall have visitation rights: If the order is entered after a contested trial and the only litigated issue was visitation, the parties nevertheless have implicitly agreed, and the court has found, that one or the other shall have custody. Father points to ORS 109.710 (Uniform Child Custody Jurisdiction Act), which defines a "custody determination" as "a court decision and court orders and instructions providing for the custody of a child, including visitation rights."[4]

---

[4] ORS 109.710 provides in part:

"As used in ORS 109.700 to 109.930:

"* * * * *

"(2) 'Custody determination' means a court decision and court orders and instructions providing for the custody of a child, *including visitation rights.* 'Custody determination' does not include a decision relating to child support or any other monetary obligation of any person.

"(3) 'Custody proceeding' includes proceedings in which a custody determination is one of several issues, such as an action for divorce or separation, and includes child neglect and dependency proceedings." (Emphasis added.)

The drafters of the UCCJA stated:

" '[C]ustody proceeding' is to be understood in a broad sense. The term covers habeas corpus actions, guardianship petitions, and other proceedings available under general state law to determine custody." Commissioners' Note, 9 ULA 134 (Master ed 1988).

■ We do not find father's arguments persuasive. The change of circumstances rule is designed primarily to avoid repeated litigation over custody and to provide a stable environment for children. A petitioner seeking a change of custody must show (1) that after the original judgment or the last order affecting custody, circumstances relevant to the capacity of either the moving party or the legal custodian to take care of the child properly have changed,[5] and (2) that considering the asserted change of circumstances in the context of all relevant evidence, it would be in the child's best interests to change custody from the legal custodian to the moving party. *Greisamer and Greisamer,* 276 Or 397, 400, 555 P2d 28 (1976); *Campagna-Jones v. Jones,* 234 Or 378, 379, 381 P2d 63 (1963); *Henrickson v. Henrickson, supra,* 225 Or at 402-03; *Bogh v. Lumbattis,* 203 Or 298, 300, 280 P2d 398 (1955). That rule applies, however, only after the entry of an order affecting *custody.*

In *McFadden v. McFadden,* 206 Or 253, 261, 292 P2d 795 (1956), a child custody case, this court articulated the substantive distinction between "custody" and "visitation":

> " 'Custody,' in the sense we use it connotes, among other things, the right of the legal custodian to establish the legal domicile for the child, whereas such right does not abide with the parent who enjoys only the occasional right to visitation, *i.e.,* the right to visit the child wherever it is, at certain time, or to have the child visit the parent for stipulated periods."

Thus, in the context of divorced persons, "custody" is the legal relationship between a minor child and the legal custodian, *i.e.,* the person to whom the court has given the *primary* rights and responsibilities to supervise, care for, and educate the child; usually, that is the person with whom the child lives most of the time. In contrast, "visitation" is the legal relationship between a minor child, the legal custodian, and a non-custodial person, *i.e.,* a person who has an interest in seeing and/or being with the child.

■ Because the considerations in a custody determination are much broader than a determination of visitation

---

[5] There is no constant or standard quantity of change that will qualify. The amount of change necessary to justify a modification of a dissolution judgment varies with the facts of each case. The amount of change in the circumstances is one of the several factors that a court must consider in deciding whether to change custody. *Gonyea v. Gonyea,* 232 Or 367, 372, 375 P2d 808 (1962).

rights, a visitation order is not analogous to a custody order.[6] The Court of Appeals explained, correctly, that:

> "In contrast to matters involving custody, modification of parental visitation rights requires neither a determination of the relative fitness of the parents nor a showing of a substantial change in circumstances. * * * Rather, the critical factor to be considered is whether the change [of visitation rights] will benefit the children. * * * Given the different issues and standards in the two types of proceedings, it is inappropriate to treat visitation orders as 'custodial orders' for purposes of the change in circumstances rule." 101 Or App at 365. (Citations and footnote omitted.)

We agree with the Court of Appeals that a stipulated visitation order is not a custody order for the purpose of the change of circumstances rule. We reject father's argument that the parties' 1986 visitation order implicitly reaffirmed the 1984 custody order. As noted, custody was not in issue in 1986.

■ We agree with the Court of Appeals that the evidence presented at the 1988 change of custody hearing shows a change of circumstances since the last order respecting the children's custody, *i.e.*, the 1984 amended judgment. Consequently, it will be appropriate to consider all relevant evidence, including father's 1985 convictions, in a new custody determination hearing.

We also agree with the Court of Appeals that the record in this case is not adequate to determine what would be in the best interests of the children. Therefore, it is necessary to remand this case to the trial court to consider that remaining issue before ruling on mother's change of custody motion.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed. Remanded to the circuit court for further proceedings.

---

[6] A court's primary consideration in determining who should be awarded custody of a child is the best interests and welfare of the child. ORS 107.137(1). ORS 107.137 lists some of the many factors that a court may consider in determining the best interests of the child. A court may consider those and other relevant factors, both in an original custody hearing and in any subsequent custody modification hearing.

In 1987, the legislature enacted ORS 107.174(1) to authorize a simplified procedure for modification of a visitation order. Both parents must sign and submit to the court a notarized stipulation requesting the modification. In its discretion, the trial court may order a hearing and require the parties to appear personally before the court. The legislative history of the statute indicates that it was enacted to decrease the expense associated with modification of a visitation order.