Argued and submitted May 15, reversed and remanded with instructions
August 6, 1997

In the Matter of the Marriage of

Sabrina TEEL-KING,
nka Sabrina Teel-Tedford,
*Appellant,*

*and*

Jeffrey Alan KING,
*Respondent.*

(94-DO-0439-ST; CA A94980)

944 P2d 323

Margaret H. Leek Leiberan argued the cause for appellant. With her on the brief were Leiberan & Gazeley, Jonathan R. Duerst and Duerst & Springer.

Steven K. Chappell argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

### LEESON, J.

Mother appeals a judgment that modifies a dissolution judgment, terminates her sole custody and awards sole custody of the parties' child to father. She contends that the trial court erred in holding that the best interests of the child are served by the change in custody, without first determining that there was a change of circumstances. On *de novo* review, ORS 19.125(3), we reverse and remand.

In 1995, the trial court entered a judgment dissolving the parties' marriage. That judgment awarded sole legal and physical custody of the child to mother and gave father visitation in the amount of 45 percent of overnight time. The judgment further provided that

> "[w]hen the minor child begins kindergarten in September, 1996, the parties shall re-evaluate this visitation arrangement and shall use mediation * * * to resolve any differences concerning [father's] future visitation with the minor child."

Father did not appeal the custody or visitation provisions of the judgment. For the purposes of calculating child support, mother and father have "shared physical custody," because father's visitation is greater than 35 percent. OAR 137-50-450.

In December 1995, mother informed father that she was going to remarry and move from Bend, Oregon, to Bellevue, Washington. She proposed that visitation continue unchanged until September 1996. In January 1996, father filed an *ex parte* action that was treated as a motion for modification of the judgment, requesting that custody of the child be awarded to him. Mother remarried in February 1996, moved to Bellevue, and reorganized her Bend business affairs so that she could work primarily out of Bellevue. In August 1996, after resolution of a child support and property division appeal filed by father, *Teel-King and King*, 142 Or App 595, 922 P2d 730 (1996), a hearing was held on father's motion to modify. The trial court compared the proposed visitation schedules submitted by mother and father and concluded that father's proposed visitation schedule—which required mother to travel to Bend on a regular basis—

allowed the parents closer-to-equal access to the child and was in the child's best interests. The trial court found that both parents are competent, but awarded sole custody of the child to father, reasoning that it is important to "promote each parent having substantial[ly] equal access and time with [the child]." The trial court granted mother a stay of the judgment, on the condition that mother return with the child to Bend pending the appeal.

■　　Mother argues that the trial court erred in modifying custody "without making any finding that there was a change of circumstances." We understand her argument to mean that the trial court erred by inquiring into the best interests of the child without first determining that there had been a change of circumstances. Father responds that, because the Support Enforcement Division has labeled the parties' visitation arrangement as "shared physical custody," mother and father have joint custody, that in the light of mother's remarriage and move to Bellevue, joint custody is not working, and therefore the trial court properly considered the best interests of the child. *See Swilling and Swilling,* 97 Or App 384, 386, 775 P2d 929 (1989) (there is a change of circumstances that destroys joint custody as a matter of law if one parent believes it is not working). In the alternative, father argues that the change in the visitation schedule necessitated by the child's enrollment in kindergarten is a change of circumstances. Father also argues that mother's move and remarriage constitutes a change of circumstances.

■　　Extensive visitation rights do not create joint custody when a dissolution grants sole physical custody to one parent. *Gatti and Gatti,* 73 Or App 581, 584, 699 P2d 1151 (1985). In this case, notwithstanding father's liberal visitation rights, the dissolution judgment granted mother sole custody of the parties' child. In order to modify that judgment, father first must show that there has been a substantial change of circumstances. *State ex rel Johnson v. Bail,* 325 Or 392, 938 P2d 209 (1997); *Greisamer and Greisamer,* 276 Or 397, 400, 555 P2d 28 (1976). It is not sufficient merely to show that something has changed. Father must show that the new conditions relate to events relevant to the capacity of either parent *properly* to take care of the child. *Bail,* 325 Or at 392. The events constituting the change of circumstances

must be unanticipated and must have arisen since the last order was entered. *Id.; Greisamer,* 276 Or at 400; *Henrickson v. Henrickson,* 225 Or 398, 402-03, 358 P2d 507 (1961). A showing that the noncustodial parent's circumstances have improved is not enough. *Id.* at 403. The court does not reach the best interests of the child if there is no showing of a change of circumstances.[1] *Bail,* 325 Or at 392; *Greisamer,* 276 Or at 401; *Henrickson,* 225 Or at 402; *Greene and Greene,* 107 Or App 338, 340, 812 P2d 11 (1991). The change of circumstances rule serves to discourage repeated litigation of custody issues, and thereby protect the stability of children, while allowing an undesirable custody situation to be remedied. *Bail,* 325 Or at 392; *Niedert and Niedert,* 28 Or App 309, 313, 559 P2d 515, *rev den* 277 Or 237 (1977).

■        In this case, the change in the visitation schedule necessitated by the child's enrollment in kindergarten was a change that was contemplated at the time of the judgment. Consequently, we do not consider it in determining whether there has been a change of circumstances. *Southworth and Southworth,* 113 Or App 607, 614, 835 P2d 122, *rev den* 314 Or 574 (1992). The only other changes on which father relies are that mother's move and remarriage will affect his visitation rights. He does not argue that the move and remarriage have substantially changed either parent's ability to care properly for the child. Consequently, father has not shown that there has been a substantial change in circumstances, and the trial court erred in modifying custody of the parties' child.

---

[1] The two-step analysis—a showing of changed circumstances followed by a consideration of the best interests of the child—was first announced in *Kellogg v. Kellogg,* 187 Or 617, 621, 213 P2d 172 (1949):

> "Before any change of custody is made, it must be shown that, since the entry of the decree there has been a change in conditions *affecting the welfare of the child,* and that the proposed change in custody would be for the child's best interest."

(Emphasis supplied.)

The consideration of the child's best interests differs from the change of circumstances inquiry in that the child's best interests are determined in light of *any* evidence relevant to the parties' relative fitness, including "deficiencies existing at the time of the first decree." *Greisamer,* 276 Or at 401; *see also Ortiz and Ortiz,* 310 Or 644, 650 n 6, 801 P2d 767 (1990).

Reversed and remanded with instructions to enter judgment awarding custody to mother, to determine father's visitation, and to dissolve temporary orders regarding child custody and visitation. Costs to mother.