Argued and submitted April 21, reversed and remanded June 24, 1998

## In the Matter of the Marriage of

### Cindy J. JOHNSON,
*Appellant,*

*and*

### Barry L. J. JOHNSON,
*Respondent.*

### (92DM0752; CA A99381)

962 P2d 752

Robert E. Brasch argued the cause for appellant. With him on the brief was Brasch & Bauder.

C. Sean Stephens argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Linder, Judges.

EDMONDS, J.

## EDMONDS, J.

This is a custody modification proceeding. ORS 107.135(1)(a). The trial court changed custody of Jordan, age 10, and Miriah, age 8, from mother to father, and mother appeals. On *de novo* review, ORS 19.415(3), we reverse.

The trial court found:

"At the time of the decree, [father] testified he had a drug and alcohol problem. He had told [mother] he would not contest the dissolution and believed he would be granted reasonable visitation in exchange.

"Since the dissolution, [father] has entered into participation with AA/NA and has ceased using drugs or alcohol. He has been 'clean and sober' for just over three years. He is employed as a certified nurses assistant and is seeking further licenses. Since the dissolution, he has a new domestic associate and a child with that person. They plan to be married this summer. He has a four bedroom home in the Portland area.

"[Mother] has remained in the Coos Bay area since the dissolution. She has had a number of surgeries and other medical issues. She has not been employed due to those issues for over a year. [Father] has not paid child support regularly. His wages were garnished for a period and support was paid. In August of 1996, [mother] was arrested for possession of methamphetamine and amphetamine and three counts of endangering the welfare of a minor and subsequently convicted by guilty plea of all three charges. Two of the minors involved are the children of this marriage. [Mother] served 90 days in jail as a result of the charges. She testified that her possession of drugs was for medicinal purposes. She testified she used marijuana for pain relief and that the possession of methamphetamine was for an energy boost to get housework done. She indicated her medical condition made her tired and that is why she used methamphetamine. Police reports from her arrest indicate that her boyfriend at the time of her arrest had been living at the residence and [had] been selling drugs from the garage of the home.

"[Father] has not had extensive visitation with the children. [Mother] does not have a telephone. [Father] has to contact [mother's] mother's business phone to arrange for

visits. He indicates he many times gets an answering machine and no return call. He indicates visitation has been very difficult to arrange. [Mother] indicates [father] visits rarely, that he always wants it on his terms and then does not show up. [Father] admits not paying support. He indicated that he has seen consistent signs of drug use by [mother] and does not desire the support to be used for drugs.

"The children's teachers testified that the children are doing well in school and were normal kids with no apparent problems. They have met [mother] through school activities. Friends of [mother] also testified as to her attachment to the children and that the children are doing well.

"There has been a significant change of circumstances. There are in fact several. [Father] has had a significant change in that he has eliminated alcohol and drugs from his life and has established a stable lifestyle. The second significant change is the arrest and conviction of [mother]. She was convicted for possessing drugs and endangering the children. [Father's] change would not dictate a change of custody although it would certainly dictate a change regarding visitation. [Mother's] situation combined with [father's] changes does indicate a change of custody is appropriate.

"[Mother] presented a number of witnesses that established the children were having no apparent problems. However, [mother's] explanation for possession of two different types of drugs and her statement to the police that her boyfriend was dealing drugs out of the garage, as well as the Court being skeptical of her explanation indicates that her drug and endangering convictions are not the insignificant factor in the children's lives that [mother] seems to feel they are.

"[Father's] motion to change custody and terminate support is allowed."

On *de novo* review, we agree with the trial court's findings but not with all of the conclusions that it drew from them.

■■ On appeal, mother argues that father has not demonstrated that it is in the best interests of the children to change custody to father. A party requesting modification of

custody must show both a substantial change in circumstances and that the modification of custody would be in the best interest of the children. *Ortiz and Ortiz*, 310 Or 644, 649, 801 P2d 767 (1990). In this case, we agree with the trial court that father has shown a change in circumstances. However, once the trial court determined that father demonstrated a change in circumstances, it then ruled that a change in custody was appropriate. It appears that the trial court failed to analyze whether father has demonstrated that the modification of custody would be in the best interests of the children. Once the moving party has established a change in circumstances, the moving party must then establish that the requested modification of custody is in the child's best interests. "The welfare of the child is the 'paramount and controlling consideration above all other questions. * * * [A] change in circumstances will warrant a change in custody only if it is in the best interests of the child.'" *State ex rel Johnson v. Bail*, 325 Or 392, 400, 938 P2d 209 (1997) (citation omitted).

■ Based on our review of the record, we conclude that father has failed to show that it is in the best interests of the children to change custody to him.[1] Mother has always been the primary parent in the lives of the children. At the time of

[1] ORS 107.137 provides the factors that a court must consider in determining what is in the child's best interests:

"(1) In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall give primary consideration to the best interests and welfare of the child. In determining the best interests and welfare of the child, the court shall consider the following relevant factors:

"(a) The emotional ties between the child and other family members;

"(b) The interest of the parties in and attitude toward the child;

"(c) The desirability of continuing an existing relationship;

"(d) The abuse of one parent by the other; and

"(e) The willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child.
* * *

"(2) The best interests and welfare of the child in a custody matter shall not be determined by isolating any one of the relevant factors referred to in subsection (1) of this section, or any other relevant factor, and relying on it to the exclusion of other factors.

"(3) In determining custody of a minor child pursuant to ORS 107.105 or 107.135, the court shall consider the conduct, marital status, income, social environment or life style of either party only if it is shown that any of these factors are causing or may cause emotional or physical damage to the child."

the hearing, mother had already served her jail time for her conviction and had been released from jail for approximately four months. Mother testified that she no longer is using illegal substances and that she had placed herself in a rehabilitation program after she was arrested. Mother's explanation for the drug usage was that it helped to relieve chronic pain and stress. She testified that since her incarceration, she has seen a counselor and that the counselor has suggested different and legal methods of reducing stress and pain. Although, mother's explanation about why she was using drugs is suspect. Also, she testified that she is no longer in contact with her boyfriend, who was selling drugs from her garage. There is nothing in the record that directly controverts her testimony about her post-incarceration behavior.

Mother's witnesses testified that she has a very close relationship with her children. During the time that mother was in jail, the children stayed with their grandmother and their daily routine continued as it had existed while they were in mother's custody. Mother has a large support network of friends, and her children have become friends with their children. Two of the children's teachers also testified. They stated that the children are doing well in school, that they come to school on time and that they are always clean and neat. They also testified that mother attends teacher conferences and shows affection to her children. Both teachers testified that the children's welfare appears to be in good hands.

Father, although once involved with drugs, has been drug free and sober for three years. He has been employed at a health care facility for over two and a half years. On the other hand, he has had little contact with the children and has not voluntarily complied with the court's order to provide financial support for the children after mother and father separated. If custody is transferred to father, the children will be forced to adjust to a new environment. For children the age of Jordan and Miriah, stability in a home and school environment is an important factor in deciding whether to change custody. Also, it is uncontroverted that mother has been the primary parent for the children during all of their lives. We do not discount the importance of mother's illegal drug activities. The trial court was correct to be concerned

about it. Mother has been convicted of possession of drugs and of endangering her children. Her drug use, if continued, could cause emotional or physical damage to the children. However, father has not demonstrated on this record that mother's illegal conduct continued after her incarceration or that it is likely to occur in the future. We hope that mother has learned her lesson that illegal drug usage and child custody are not compatible. Because father did not show that it was in the best interests of the children for custody to change to him, we conclude that mother should maintain custody of Jordan and Miriah.

Reversed and remanded for entry of judgment awarding custody of the children to mother with reasonable visitation to father. Costs to mother.