Argued and submitted February 5, reversed and remanded with instructions August 5, petition for review denied November 24, 1998 (328 Or 40)

In the Matter of the Marriage of

## Jeff Arnold HEUBERGER,
*Respondent,*
*and*

## Meri HEUBERGER,
*Appellant.*
(93C-34286; CA A97731)

963 P2d 153

Susan E. Watts argued the cause for appellant. With her on the briefs were Peter Bunch and Kennedy, King & Zimmer LLP.

Gordon L. Dick argued the cause for respondent. With him on the brief was Wheeler & Dick.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Riggs, Judge.*

DEITS, C. J.

---

* Riggs, J., *vice* Leeson, J., resigned.

## DEITS, C. J.

Mother appeals from a judgment of modification changing custody of the parties' child from her to father, and ordering mother to pay child support. Mother assigns error to the trial court's determination that mother's interference with father's parenting time[1] constituted a substantial change of circumstances justifying a change of custody. On *de novo* review, ORS 19.415(3), we reverse.

The dissolution judgment was entered in June 1995. At that time, father was 37 years of age, mother was 31 and their child was 2 years old. Mother was awarded custody of child, subject to father's parenting time, which was to be consistent with the parenting time allowed in Marion County Court Rule 8.075, unless the parties agreed otherwise. Generally, the county's rule provides for parenting time on alternate weekends and alternate Wednesdays, in addition to holiday and summer parenting time. At the time that the dissolution judgment was entered, the trial court expressed concern about the parties' ability to manage custody and parenting time:

> "The Court, having reviewed the custody evaluation by Lynda Bridges, acknowledges that each of the parties have [has] demonstrated an ability to care for the child and further caution the parties that interference with visitations or a geographical move that would potentially interfere with visitations would be considered by the Court in any custody proceedings."

Father filed his motion to modify custody in March 1996, just nine months after entry of the judgment awarding custody to mother. In support of his request for a change of custody, father argued that there had been a change of circumstances since the time of the original award of custody: Father's difficulties in exercising his right to parenting time, mother's hostile attitude towards him, mother's employment and residential instability and child's health problems. The trial court held hearings on October 16 and on November 13, 1996. It awarded father temporary custody at the November 13 hearing, and scheduled another hearing for December 4.

---

[1] "Visitation" is now called "parenting time." ORS 107.102.

At the December 4 hearing, the trial court granted father's motion to modify custody. The court did not explicitly find that a change of circumstances had occurred. It explained its decision as follows:

> "I would have to say that I'm very troubled by the visitation problems that have occurred in this case. Both before, but more significantly after the decree. It's obvious from the custody study, and from my comments from the bench at the time of the decree, that that was a concern of the custody evaluator and it was a concern of mine if mom got custody. Those concerns have turned out to be well-founded and the evidence is that there have been significant visitation problems throughout this case. It's my conclusion those negatively impact the child, that it is contrary to the best interest of the child to continue a custodial relationship that will force him to continue to deal with those kinds of constant visitation problems."

On appeal, mother assigns error to the trial court's granting of the motion for modification. Mother contends that the circumstances on which father relies do not constitute a change of circumstances sufficient to justify modification and that modification is not in child's best interests.

As the noncustodial parent, father has the burden to show that there has been a substantial change of circumstances since the time of the original award of custody. *State ex rel Johnson v. Bail*, 325 Or 392, 397, 938 P2d 209 (1997); *Teel-King v. King*, 149 Or App 426, 429, 944 P2d 323 (1997), *rev den* 327 Or 82 (1998). It is not enough to show that something has changed. *Id.* Father must prove that the changed condition relates to mother's capacity to properly care for the child. *Bail*, 325 Or at 397. It is only if the moving party demonstrates a substantial change of circumstances that the court engages in the second step of the analysis—whether the modification is in the child's best interests. *Id.*

The requirement that a court find a substantial change of circumstances since the last custody determination before it reexamines a child's best interests is not a technical one. This requirement carries out the important objective of "avoid[ing] repeated litigation over custody and to provide a stable environment for children." *Bail*, 325 Or at 398; *Ortiz and Ortiz*, 310 Or 644, 649, 801 P2d 767 (1990). Consistent

with that purpose, when a motion for modification of custody is made within a short time after the last custody decision, "the asserted change of circumstances and detriment to the child must be more closely scrutinized by the court." *Atkinson and Atkinson*, 38 Or App 375, 379, 590 P2d 279, *rev den* 286 Or 1 (1979).[2]

Accordingly, here, we first consider whether father met his burden to show that a substantial change of circumstances related to mother's ability to care for child has occurred since the June 1995 award of custody to mother. Although the trial court did not make an explicit finding that a change of circumstances had occurred, the court's focus in its discussion of why the change of custody was warranted was on the problems that father had experienced in attempting to exercise his parenting time with child. Consequently, we will begin by addressing the circumstances related to father's exercise of his parenting time.

At the time of the dissolution, mother was living in Ontario, Oregon. Father obtained employment in Idaho to be near child. Father worked for a paving company and worked six days a week from May to November. Because of that, he could not exercise mid-week parenting time, but he did have child with him on alternate weekends, and mother gave him an extra weekend each month. The first problem that father experienced in exercising his parenting time was on September 9, 1995. Father had picked up child on Friday evening and was to return him on Sunday. However, mother showed up at father's house on Saturday and told him that she

---

[2] At oral argument, a question arose as to the applicability of the amended version of ORS 107.135. Or Laws 1997, ch 707, § 9. However, as the legislation provides, until December 31, 2001, the amended version does not apply. Rather, section 116, chapter 746, applies. That statute, which became effective August 7, 1997, added a subsection to ORS 107.135 that provides:

"(10) In a proceeding under this section to reconsider provisions in a decree relating to custody or parenting time, the court may consider repeated and unreasonable denial of, or interference with, parenting time to be a substantial change of circumstances."

However, the judgment here was entered December 20, 1996, and there is no indication in the legislation or in its history that the legislature intended it to be applied retroactively. Accordingly, the amended version of the statute is not applicable here. *See Olsen and Olsen*, 137 Or App 8, 11, 902 P2d 1217 (1995) (whether a statute is to be applied retroactively depends on the intent of the legislature).

intended to move to Redmond that night. Mother left with child but did not move, apparently because father objected to the move.

At father's next regularly scheduled parenting time on September 23, a conflict again occurred between the parties. Father testified that he had advised mother that he needed her to pick up child on Saturday evening because he had to work. She apparently agreed. However, when father came to pick up child on Saturday, mother refused to allow child to leave. The parties had a heated verbal exchange in front of child, which ended in father grabbing mother's arm and twisting it. Mother called the police and father was charged with assault, menacing, harassment and reckless endangerment. He eventually pleaded guilty to harassment and the other charges were dismissed. At his next scheduled parenting time with child, father picked him up without incident. The following visit, father was arrested on the charges from the parties' earlier incident and he was not able to visit with child through November 13, due to a restraining order. Father also was not given parenting time scheduled for the weekend of November 24, because child had chicken pox, and the weekend of December 1, when mother moved to Coos Bay. Since that time, there has been tension between the parties at times when child has been picked up, occasionally resulting in verbal hostility by both parties. In one instance, mother threw a suitcase toward father. Nonetheless, father has been able to fully exercise his right to parenting time since mid-December 1995.

We have required that interference with parenting time must be substantial to justify a change of custody on that basis. In *Hansen and Hansen*, 48 Or App 193, 202, 616 P2d 567 (1980), we refused to find a change of circumstances after mother had impeded father's visitation for two years, because it was "a change which punishes the children too much and the mother not enough." *See also Southworth and Southworth*, 113 Or App 607, 612-13, 835 P2d 122, *rev den* 314 Or 574 (1992) (mother's actions in making visitation exchanges through male intermediary not a change of circumstances where no harm to child is shown); *Smith and*

*Smith,* 62 Or App 728, 733, 662 P2d 772 (1983) (mere hostility between parents does not constitute a change of circumstances); *Morton and Morton,* 53 Or App 301, 307, 632 P2d 1 (1981) (mother's interference with visitation does not justify modification); *cf. Birge and Birge,* 34 Or App 581, 585-86, 579 P2d 297 (1978) (change of circumstances will be found where hostility is severe and constitutes campaign to alienate child from noncustodial parent).

■ As the trial court recognized, the problems between the parties with regard to father's exercise of parenting time are quite serious and mother's conduct has contributed substantially to the difficulties. Nonetheless, on these facts, we do not find that these difficulties rise to the level necessary to constitute a substantial change of circumstances. The parties had serious problems for four months, significantly reduced problems for several months, and no problems for the balance of the period before the modification hearing. With the exception of the time period discussed above, father has had regular parenting time with child. Further, significantly, the evidence does not establish that these difficulties have had an adverse effect on child or otherwise have affected mother's capacity to care for child. Although mother's conduct was at times reprehensible, there was no evidence that mother was attempting to alienate child from father, and mother testified that child loves father and that they have a close relationship. Given that the record does not demonstrate that mother's attempts at interference with father's parenting time are continuing, we conclude that the problems with parenting time do not constitute a change of circumstances sufficient to justify a change of custody.

■ We also conclude that the additional circumstances asserted by father do not constitute a substantial change of circumstances. The second ground that father alleged as changed circumstances concerns child's health. The record shows that child has had health problems, specifically problems with wheezing and coughing that has been diagnosed as asthma. It is father's belief that those health problems are caused by mother's smoking. There is no evidence in the record, however, that there is a causal link between mother's smoking and child's health problems. Further, although mother apparently has smoked in child's presence, there was

a great deal of testimony that mother does not allow smoking in her house and has smoked only occasionally in the car with child. She also testified that she is attempting to quit smoking because of her concern for child's health.

■ ■ Father also contends that mother's employment instability and her two changes of residence constitute changed circumstances. Again, on this record, we disagree. Although mother has changed jobs several times and moved twice, she has had a reasonable basis for each decision. Mother quit her bartending job because father did not approve of it, and she did not participate in a CNA radiology training program in Redmond, Oregon—a program that could have resulted in a stable career with a good wage—because father threatened to file for custody if she did. Most significantly, father has not shown that this alleged instability has affected mother's ability "to take care of the child properly." Finally, father alleges that mother's hostility toward him constitutes changed circumstances. While it appears from the record that the hostility between the parties is mutual, fortunately, it has not affected child.

After considering all of the above circumstances, alone and in combination, we conclude that father has not met his burden to show that changed circumstances affecting mother's ability to care for child have occurred since the time of the original award of custody to mother. Because that initial threshold has not been met, we do not move on to reexamine the trial court's determination at the time of the original award of custody that it was in the best interests of child to award custody to mother.

Reversed and remanded with instructions to reinstate award of custody to mother.