Argued and submitted November 1, 2001, reversed and remanded
January 30, 2002

In the Matter of the Marriage of

Damon O. FRANCOIS,
*Respondent,*
*and*

Sonnet M. FRANCOIS,
*Appellant.*

C973005DR; A110737

39 P3d 265

Brian J. Sunderland argued the cause and filed the briefs for appellant.

Charles D. Gazzola argued the cause for respondent. With him on the brief was Gazzola & Hull, P.C.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Mother appeals an order denying her motion for a modification of the dissolution judgment awarding father custody of the parties' children. On *de novo* review, ORS 19.125(3), we reverse and remand.

The parties were married in 1993 and have two minor children. They lived in Tigard, Oregon, where father worked as a produce manager at a local Albertson's. Mother worked for a stock brokerage firm approximately 12 hours each day, six days a week, earning $1,200 per month. The parties separated in 1997. They agreed to the dissolution of the marriage and that, in light of mother's work demands and small living space, father should have custody of the two children. Father filed the dissolution petition in August 1997. Mother entered no appearance, and a dissolution judgment was entered by default in March 1998, awarding father custody of the children and requiring mother to pay child support.

In September 1997, after the filing of the petition, father moved to Junction City to live with his parents; he transferred his employment to a local Albertson's. Following the entry of the dissolution judgment, mother quit her job and father allowed her frequent parenting time—she had physical custody of the children 75 percent of all weekends and visited them in Junction City between two and four weeknights each week. In January 1999, mother took a flexible, part-time job that allowed her to see the children frequently.

In March 1999, mother remarried. She quit her job in July 1999 and is now a full-time homemaker. She and her new husband purchased a large house, with room for both of the children. Meanwhile, father began to limit mother's parenting time.

In September 1999, mother moved for a modification of the dissolution judgment. The trial court bifurcated the proceedings, requiring that, before engaging in an inquiry concerning the best interests of the children, mother must establish a substantial change in circumstances. Mother

offered evidence of the following as substantial changes in circumstances: (1) her improved financial condition; (2) her ability to stay at home and care for the children on a full-time basis; and (3) increasing personal hostility on the part of father toward her. Father took the position that none of those changes constitutes a substantial change in circumstances. The trial court agreed and dismissed mother's motion.

On appeal, mother argues that the trial court erred in failing to take into account the best interests of the children while assessing whether there had been a substantial change in circumstances. According to mother, the best interests of the children always should be a relevant—indeed, the primary—consideration. Father argues that the case law clearly requires a showing of a substantial change in circumstances *before* a court may consider the best interests of a child.

Father is correct. As the Supreme Court explained in *State ex rel Johnson v. Bail*, 325 Or 392, 396-97, 938 P2d 209 (1997):

> "this court has established a two-step inquiry to be used in determining whether a court should modify a custody arrangement:
>
> " 'A petitioner seeking a change of custody must show (1) that after the original judgment or the last order affecting custody, circumstances relevant to the capacity of either the moving party or the legal custodian to take care of the child properly have changed, and (2) that considering the asserted change of circumstances in the context of all relevant evidence, it would be in the child's best interests to change custody from the legal custodian to the moving party.' *Ortiz and Ortiz*, 310 Or 644, 649, 801 P2d 767 (1990) (footnote omitted; citations omitted).
>
> "*See also Greisamer and Greisamer*, 276 Or 397, 400, 555 P2d 28 (1976) (same two-step analysis). *In the absence of evidence of a change in circumstances since the last arrangement of custody, the court does not reach the second step in the analysis.*"

(Emphasis added.)

Mother argues that, even if the trial court properly ignored considerations of the best interests of the children, it still erred in concluding that she had not established the requisite change in circumstances. She argues that her improved circumstances—in particular, her ability to care for the children on a full-time basis—suffice to satisfy the first of the two steps of the modification analysis. Father argues that a change in the *noncustodial* parent's capability to care for the children is irrelevant. Cited in support of that proposition is *Heuberger and Heuberger,* 155 Or App 310, 963 P2d 153 (1998). In any event, father argues, a change in a parent's material circumstances does not suffice.

We begin with father's contention that the moving party in a custody modification proceeding must show a substantial change in the *custodial parent's* capability to care for the child. On that question, the Supreme Court's decision in *Bail* is squarely to the contrary. In that case, the court said that the moving party must show " 'circumstances relevant to the capacity *of either the moving party or the legal custodian*' " to take care of the children have changed. 325 Or at 397 (quoting *Ortiz,* 310 Or at 649) (emphasis added). *See also Stevens and Stevens*, 107 Or App 137, 139, 810 P2d 1334, *rev den* 312 Or 81 (1991) ("[t]he moving party in a custody proceeding must show that circumstances relevant to either party's capacity to care for the children have substantially changed").

*Heuberger* is not to the contrary. In that case, the mother initially was awarded custody of the parties' child. The father moved for modification of custody, listing as the grounds the mother's employment instability, her interference with the father's parenting time, and her smoking in the presence of the child. The trial court changed custody from the mother to the father, and the mother appealed. We characterized the dispositive issue as whether the father had proved "that the changed condition relates to mother's capacity to properly care for the child." 155 Or App at 313. In light of the parties' arguments, that made sense; only a change in the mother's circumstances was at issue in that case. We did not hold—nor could we, without running afoul of *Bail*—that only a change in the custodial parent's capacity to care for the child is relevant.

■ We turn to whether mother in fact demonstrated the requisite substantial change in either party's "capacity * * * to take care of the child[ren] properly." *Ortiz*, 310 Or at 649. Mother has remarried, has substantially improved her financial position, and is now capable of caring for the children on a full-time basis, in contrast to her minimal ability to do so at the time of the dissolution. In addition, there is evidence that father has become hostile to her spending time with the children and has begun to limit mother's parenting time. Those factors, taken together, establish a substantial change in circumstances sufficient to trigger an analysis of whether it would be in the best interests of the children to change custody.

Father insists that a change in economic or material circumstances is not sufficient to establish a substantial change in circumstances. In fact, in *Brink and Brink*, 75 Or App 665, 669 n 2, 706 P2d 1015 (1985), we remarked that "[s]tanding alone, the fact the noncustodial parent is now better able to care for a child, or has remarried, is not a substantial change of circumstances." Nevertheless, there are at least two difficulties with father's reliance on that *dictum*.

First, by its terms, it stands for the limited proposition that, *standing alone*, those changes do not suffice. In this case, mother does not rely solely on an improvement in her material circumstances.

Second, and perhaps more important, it must be acknowledged that the *dictum* reflects a certain lack of precision in describing what does and does not suffice to establish a substantial change in circumstances. There has been a tendency to conflate the two separate steps in proper custody modification analysis. That tendency is illustrated by *Brink*. After stating that a change in the noncustodial parent's ability to care for the child does not suffice to establish a substantial change of circumstances, we cited *Henrickson v. Henrickson*, 225 Or 398, 358 P2d 507 (1961). In that case, however, the court held that the fact that "the petitioning parent is better able to now care for the child than when the custodial order was made" is not sufficient to justify *a change in custody*. *Id.* at 403. The court did not hold that a change in

the capability of a parent to care for the child is not sufficient to establish *a substantial change of circumstances*.

■ That only makes sense. A change of circumstances, by very definition, is a change in "the capacity of either the moving party or the legal custodian to take care of the child properly." *Ortiz*, 310 Or at 649. Thus, although it may not suffice to warrant a change of custody, evidence of a change in the capability of a parent to care for the child may be sufficient to establish a change of circumstances.[1]

Father also complains, citing *Heuberger*, that his alleged hostility is not sufficient to establish a change of custody. Once again, however, his hostility and interference with mother's parenting time is not alone the basis for a finding of a substantial change in circumstances. Moreover, in *Heuberger* we held, on the particular facts of that case, that the husband's interference with parenting time was not sufficient "to justify *a change in custody*." 155 Or App at 315 (emphasis added). We did not hold that a substantial interference with parenting time did not amount to a change of circumstances.

We conclude that the trial court erred in finding no substantial change of circumstances. In reaching that conclusion, we emphasize that we do not reach the question whether it is in the best interests of the children to change custody. That question must be addressed on remand.

Reversed and remanded.

---

[1] We have similarly noted that, by itself, a "showing that the noncustodial parent's circumstances have improved is not enough" to establish a change of circumstances. *Teel-King and King*, 149 Or App 426, 430, 944 P2d 323 (1997). Cited as support for that statement is the same portion of *Henrickson*, which, strictly speaking, does not say that.